MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*



**JUDGE FAILLA**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ISRAEL GAMERO, NORBERTO
MASTRANZO AND OSCAR SANCHEZ,
*individually and on behalf of others similarly
situated,*

                                        *Plaintiffs,*

                -against-
KOODO SUSHI CORP. (d/b/a KOODO
SUSHI), RAYMOND KOO and MICHELLE
KOO,

                                        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

 

Plaintiffs Israel Gamero, Norberto Mastranzo and Oscar Sanchez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Koodo Sushi Corp. (d/b/a Koodo Sushi) ("Defendant Corporation"), Raymond Koo and Michelle Koo, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are current and former employees of defendants Koodo Sushi Corp. (d/b/a Koodo Sushi), Raymond Koo and Michelle Koo (collectively "Defendants").

2.      Defendants own, operate, or control a Japanese restaurant located at 55 Liberty

Street, New York, New York 10005 under the name Koodo Sushi.

3.      Upon information and belief, individual defendants Raymond Koo and Michelle Koo serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were primarily employed as delivery workers, sushi preparers and dishwashers, but the delivery workers were required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to various restaurant duties such as, transporting deliveries to the basement, vacuum cleaning the stairs, cutting cardboard, dishwashing, clearing out the sewage drains in the basement,  replacing light bulbs, painting, fixing the floor and frying shrimp (hereafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.      Defendants employed and accounted for some Plaintiffs as delivery workers in their payroll, but in actuality these Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

9.      Regardless, for a considerable part of these Plaintiffs' employment, Defendants paid them at a rate that was lower than the required tip-credit rate.

10.     In addition, under state law, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying these Plaintiffs at the minimum wage rate and enabled them to pay Plaintiffs a lower tip-credited rate, and they still failed to pay them at this lower rate.

12.     For at least 6 years prior to the filing of this action – the statute of limitations under the New York State Labor Law – continuing to the present, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit.

12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

19.    Plaintiff Israel Gamero ("Plaintiff Gamero" or "Mr. Gamero") is an adult individual residing in Bronx County, New York. Plaintiff Gamero has been employed by Defendants from approximately November 2011 until on or about November 2013 and from approximately November 2014 until the present date.

20.    Plaintiff Norberto Mastranzo ("Plaintiff Mastranzo" or "Mr. Mastranzo") is an adult individual residing in Queens County, New York. Plaintiff Mastranzo was employed by

Defendants from approximately June 2010 until on or about February 2015.

21.    Plaintiff Oscar Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Bronx County, New York. Plaintiff Sanchez was employed by Defendants from approximately August 2009 until on or about February 2015.

*Defendants*

22.    At all relevant times, Defendants own, operate, or control a Japanese restaurant located at 55 Liberty Street, New York, New York 10005 under the name "Koodo Sushi." Upon information and belief, Koodo Sushi Corp. (the Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York.

23.    Upon information and belief, it maintains its principal place of business at 55 Liberty Street, New York, New York 10005.

24.    Defendant Raymond Koo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Raymond Koo is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Raymond Koo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determines the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.    Defendant Michelle Koo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michelle Koo is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Michelle Koo possesses operational control over Defendant Corporation, an

- 5 -

ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.     Defendants operate a Japanese restaurant located in the financial district section of Manhattan in New York City.

27.     The individual defendants, Raymond Koo and Michelle Koo, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or

- 6 -

similarly situated individuals.

32.     Upon information and belief, individual defendants Raymond Koo and Michelle Koo operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

- 7 -

34.     In each year from 2009 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

### Individual Plaintiffs

36.     The Plaintiffs are current and former employees of the Defendants who have been employed as dishwashers and sushi preparers and ostensibly as delivery workers. However, the delivery workers have spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Israel Gamero

38.     Plaintiff Gamero has been employed by Defendants from approximately November 2011 until or about November 2013 and from approximately November 2014 until the present date.

39.     Defendants ostensibly have employed Plaintiff Gamero as a delivery worker.

40.     However, Plaintiff Gamero also has been required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

41.     Although Plaintiff Gamero has ostensibly been employed as a delivery worker, he has spent over 20% each day performing non-delivery work throughout his employment with Defendants.

- 8 -

42.     Plaintiff Gamero regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Gamero's work duties have required neither discretion nor independent judgment.

44.     From approximately November 2011 until on or about November 2013, Plaintiff Gamero worked from approximately 11:00 a.m. until on or about 3:30 p.m. and from approximately 5:00 p.m. until on or about 10:30 p.m. Mondays through Fridays, and from approximately 5:00 p.m. until on or about 10:00 p.m. on Sundays (typically 55 hours per week).

45.     From approximately November 2014 until on or about December 2014, Plaintiff Gamero worked from approximately 11:00 a.m. until on or about 3:00 p.m. four days per week (typically 16 hours per week).

46.     From approximately December 2014 until March 2015, Plaintiff Gamero worked from approximately 11:00 a.m. until on or about 3:00 p.m. Mondays, Tuesdays, Thursdays and Fridays, and from 5:00 p.m. until on or about 10:00 p.m. Sundays (typically 21 hours per week).

47.     From approximately March 2014 until the present date, Plaintiff Gamero has worked from approximately 11:00 a.m. until on or about 3:00 p.m. Thursdays and Fridays, and from 5:00 p.m. until on or about 10:00 p.m. Sundays (typically 13 hours per week).

48.     Throughout his employment with defendants, Plaintiff Gamero has been paid his wages in cash.

49.     From approximately November 2011 until on or about November 2013, and from November 2014 until the present date, Defendants have paid Plaintiff Gamero $15 per shift.

50.     Plaintiff Gamero's pay has not varied even when he has been required to stay late or work a longer day than his usual schedule.

- 9 -

51.     For example, Defendants have frequently required Plaintiff Gamero to work an additional 30 minutes past his departure time and have not paid him for the extra time he worked.

52.     Plaintiff Gamero has never been notified by Defendants that his tips are being included as an offset for wages.

53.     Defendants have withheld a portion of Plaintiff Gamero's tips. Specifically, Defendants have withheld 12% of all Seamless Web tips customers paid Plaintiff Gamero.

54.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Gamero's wages.

55.     Plaintiff Gamero has not been required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Gamero regarding overtime and wages under the FLSA and NYLL.

57.     Defendants have not given any notice to Plaintiff Gamero, in English and in Spanish (Plaintiff Gamero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants have required Plaintiff Gamero  to purchase "tools of the trade" with his own funds—including two bicycles (one for $150, one for $200) one helmet for $35 and two sets of bicycle lights for $20 each. Thus, the total cost of the "tools of the trade" Plaintiff Gamero has been required to purchase as a deliveryman is approximately $425.00.

### *Plaintiff Norberto Mastranzo*

59.     Plaintiff Mastranzo was employed by Defendants from approximately June 2010 until on or about February 2015.

- 10 -

60.     Defendants ostensibly employed Plaintiff Mastranzo as a dishwasher, but he was required to make deliveries several days per week.

61.     Although Plaintiff Mastranzo was required to make deliveries, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

62.     Plaintiff Mastranzo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.     Plaintiff Mastranzo's work duties required neither discretion nor independent judgment.

64.     Throughout his employment with Defendants, Plaintiff Mastranzo regularly worked in excess of 40 hours per week.

65.     From approximately June 2010 until on or about February 2015, Plaintiff Mastranzo worked from approximately 11:00 a.m. until on or about 4:00 p.m. and from approximately 5:00 p.m. until on or about 11:00 p.m. Mondays through Fridays, and from approximately 5:00 p.m. until on or about 10:30 p.m. on Sundays (typically 60.5 hours per week).

66.     Throughout his employment with defendants, Plaintiff Mastranzo was paid his wages in cash.

67.     From approximately June 2010 until on or about June 2012, Defendants paid Plaintiff Mastranzo a fixed salary of $350 per week.

68.     From approximately June 2012 until on or about February 2015, Defendants paid Plaintiff Mastranzo a fixed salary of $400 per week.

69.     Plaintiff Mastranzo's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

- 11 -

70.     In fact, Defendants required Plaintiff Mastranzo to stay until 4:00 p.m. when his departure time was supposed to be 3:00 p.m. almost every day.

71.     Defendants never granted Plaintiff Mastranzo any break or meal period of any kind.

72.     Plaintiff Mastranzo was never notified by Defendants that his tips were being included as an offset for wages.

73.     Defendants withheld a portion of Plaintiff Mastranzo's tips. Specifically, Defendants withheld 12% of all Seamless Web tips customers paid Plaintiff Mastranzo.

74.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mastranzo's wages.

75.     Plaintiff Mastranzo was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

76.     Furthermore, Defendants did not provide Plaintiff Mastranzo with a statement of wages with each payment of wages, as required by NYLL 195(3).

77.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mastranzo regarding overtime and wages under the FLSA and NYLL.

78.     Defendants did not give any notice to Plaintiff Mastranzo, in English and in Spanish (Plaintiff Mastranzo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Oscar Sanchez*

79.     Plaintiff Sanchez was employed by Defendants from approximately August 2009 until on or about February 2015.

- 12 -

80.     Defendants employed Plaintiff Sanchez as a dishwasher for one month and as a sushi preparer for the rest of the time he worked for them.

81.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

82.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

83.     Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

84.     From approximately August 2009 until on or about December 2014, Plaintiff Sanchez worked from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 10:00 p.m. Mondays through Fridays, and from approximately 5:00 p.m. until on or about 10:00 p.m. on Saturdays (typically 50 hours per week).

85.     From approximately December 2014 until on or about February 2015, Plaintiff Sanchez worked from approximately 11:00 a.m. until on or about 3:00 p.m. Mondays through Fridays (typically 20 hours per week).

86.     Throughout his employment with defendants, Plaintiff Sanchez was paid his wages in cash.

87.     From approximately August 2009 until on or about August 2011, Defendants paid Plaintiff Sanchez a fixed salary of $350 per week.

88.     From approximately August 2011 until on or about August 2012, Defendants paid Plaintiff Sanchez a fixed salary of $375 per week.

89.     From approximately August 2012 until on or about December 2014, Defendants paid Plaintiff Sanchez a fixed Salary of $500 per week.

90.     From approximately December 2014 until on or about February 2015, Defendants paid Plaintiff Sanchez a fixed Salary of $300 per week.

91.     Plaintiff Sanchez's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

92.     In fact, Defendants frequently required Plaintiff Sanchez to work an additional 30 minutes to an hour past his departure time and did not pay him for the extra time he worked.

93.     Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

94.     Furthermore, Defendants did not provide Plaintiff Sanchez with a statement of wages with each payment of wages, as required by NYLL 195(3).

95.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

96.     Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

97.     Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including two chef hats for $10 each, two robes for $25 each, and two aprons for $20 each. Thus, the total cost of the "tools of the trade" Plaintiff Sanchez was required to purchase was approximately $110.00.

*Defendants' General Employment Practices*

98.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40

- 14 -

hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

99.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

100.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

101.     Defendants habitually have required some Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

102.     Defendants have required these Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

103.     These Plaintiffs have been employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

104.     These Plaintiffs have not even been paid at a lowered tip-credited rate by Defendants.  However, under state law, Defendants have not been entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

105.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under

federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

106.    These Plaintiffs' duties have not been incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

107.    In violation of federal and state law, as discussed above, Defendants have classified these Plaintiffs as tipped employees but have not even paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

108.    Defendants have failed to inform Plaintiffs who receive tips that Defendants have intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

109.    Defendants have failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

110.    Defendants have failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

111.    Plaintiffs have been paid their wages entirely in cash.

112.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

113.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

114.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

115.    Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

116.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

117.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

118.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

119.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

120.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

121.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

- 18 -

122.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

123.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

126.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

127.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

128.    In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate.

129.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

130.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

131.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

- 19 -

132.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

133.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

134.    Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

137.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

138.    Defendants' failure to pay Plaintiffs the minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

139.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

140.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime

- 20 -

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

142.    Defendants have failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

143.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

144.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

145.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

147.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

148.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

149.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.    Defendants have failed to provide Plaintiffs with a written notice, in English and

in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

151.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

152.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

153.    With each payment of wages, Defendants have failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

154.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

155.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

156.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

157.    Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## (VIOLATION OF THE TIP WITHHOLDING PROVISIONS
## OF THE NEW YORK LABOR LAW)

158.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

159.    Defendants unlawfully and without permission from Plaintiffs have misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiffs.

160.    Defendants' action has violated NYLL §196-d.

161.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

- 23 -

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

- 24 -

(j)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order have been willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

- 25 -

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

      (s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 6, 2015

                                       MICHAEL FAILLACE & ASSOCIATES, P.C.

                By:

                                     Michael Faillace [MF-8436]
                                     MICHAEL FAILLACE & ASSOCIATES, P.C.
                                     Michael A. Faillace [MF-8436]
                                     60 East 42nd Street, suite 2020
                                     New York, New York 10165
                                     Telephone: (212) 317-1200
                                     Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 25, 2015

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff against Hoodo Sushi.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                **Israel Gamero**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    25 de marzo de 2015

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 25, 2015

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff against Koodo Sushi.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                        **Norberto Mastranzo**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              25 de marzo de 2015

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 25, 2015

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff *against Moodo Sushi.*
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                    **Oscar Sanchez**


Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     25 de marzo de 2015