```
G5IQGAMc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ISRAEL GAMERO, et al.,

              Plaintiffs

          v.                         15 CV 2697 (KPF)

KOODO SUSHI CORP, et al.,

              Defendants

------------------------------x
                                     New York, N.Y.
                                     May 18, 2016
                                     4:30 p.m.

Before:

              HON. KATHERINE POLK FAILLA

                                     District Judge

                       APPEARANCES

MICHAEL FAILLACE & ASSOCIATES, PC
     Attorneys for Plaintiffs
SHAWN R. CLARK
RAQUEL A. GUTIERREZ



LATHAM & WATKINS LLP
     Attorneys for Defendants
RICHARD D. OWENS
THOMAS J. GIBLIN
ERIC L. TAFFET
THEODORE TAHOUGANG


-ALSO PRESENT-

MICHELLE KOO
```

```
 1              (In open court; case called)
 2              THE DEPUTY CLERK:  Counsel, please identify yourselves
 3   for the record beginning with plaintiffs.
 4              MS. GUTIERREZ:  Good afternoon, your Honor.  Raquel
 5   Gutierrez on behalf of all plaintiffs, and I'm joined here by
 6   my colleague Shawn Clark.
 7              THE COURT:  Good afternoon to both of you.
 8              Mr. Faillace doesn't want to come?  It's OK.  We'll
 9   save him for another time.  Thank you.
10              Yes?
11              MR. GIBLIN:  Good afternoon, your Honor.  Richard
12   Owens of Latham & Watkins for defendant Michelle Koo as well as
13   Koodo Sushi Corporation.  I'm joined by my colleagues Thomas
14   Giblin, Eric Taffet and Theodore Tahougang.
15              THE COURT:  All right.  Which of you will be taking
16   the laboring oar this afternoon?
17              MR. GIBLIN:  Mr. Giblin, your Honor.
18              THE COURT:  Good to know.  Thank you very much.
19              Good afternoon, Ms. Koo to you as well.
20              MS. KOO:  Good afternoon.
21              THE COURT:  I appreciate everyone coming today.  The
22   reason we are here is because we had some conversations several
23   months ago before Ms. Koo left to visit family.  At that time,
24   I think it became clear to the parties that the case was not at
25   that time in a position to settle.
```

1          I inquired of our pro se office and others while she
2  was gone to see if there was someone who was willing to take
3  the case.  I am advised that the Latham & Watkins firm was
4  available.  Let it just be known, because it should be known,
5  Mr. Owens and I did work together in the U.S. Attorney's Office
6  a number of years ago.  If you think that's a basis for
7  recusal, you'll let me know.  I think I can separate the two,
8  but you'll tell me.
9          So I think what we have to do is talk about trials
10 because I think that is the next stage here.  I guess I should
11 just ask, one of my questions was going to be whether the firm
12 represented the entity, the business entity, which I see it
13 does.  There is a defendant Raymond Koo.  He is not being
14 represented by you, sir.  Is that correct?
15          MR. GIBLIN:  That's correct, we do not represent
16 Mr. Koo.
17          THE COURT:  If the plaintiffs want to do something in
18 the vein of default judgment, they'll let me know.
19          Let me tell you the sad state of affairs that is my
20 summer.  I have trials every week in the month of June.  I have
21 trials for a chunk of July.  Right now what is available to me
22 is the first week in August, August 1st through 5th, the third
23 and fourth weeks of August, the week of the 15th, the week of
24 the 22nd, the week of the 29th.  And then in the middle of
25 September I start a one month RICO trial.

| | |
|---|---|
| 1 | I understand this to be a bench trial.  What I will do |
| 2 | though, because it's going to end up being easier for me, is |
| 3 | let's have all testimony here.  We don't have to do directs by |
| 4 | affidavits.  I'll have the witnesses here.  I will still want |
| 5 | to hear from the parties about things like findings of fact and |
| 6 | conclusions of law, but rather than doing affidavit testimony, |
| 7 | we'll do it all in court. |
| 8 | Let me begin with Ms. Gutierrez.  The concededly few |
| 9 | dates I've offered you, do any of them work? |
| 10 | MS. GUTIERREZ:  I think I might have mentioned this |
| 11 | last time we were before your Honor-- |
| 12 | THE COURT:  I know you did. |
| 13 | MS. GUTIERREZ:  Yes.  The beginning of August is |
| 14 | difficult for me.  I have a trip planned.  So August 22 is the |
| 15 | first date that you mentioned that I can do and then thereon |
| 16 | after is fine. |
| 17 | THE COURT:  Mr. Clark, does that work for you as well? |
| 18 | MR. CLARK:  Yes, your Honor. |
| 19 | THE COURT:  Mr. Giblin, how about your team?  And I'm |
| 20 | sorry in advance if I'm destroying your summer vacation. |
| 21 | MR. GIBLIN:  That's not a problem, your Honor, but |
| 22 | Ms. Koo is going to be out of the country beginning July 29 -- |
| 23 | and, unfortunately, I think that takes us through Labor Day, so |
| 24 | perhaps we should -- |
| 25 | THE COURT:  Is that a certain plan set-in-stone kind |

Case 1:15-cv-02697-KPF   Document 37   Filed 05/31/16   Page 4 of 11      4

G5IQGAMc

```
 1              I understand this to be a bench trial.  What I will do
 2   though, because it's going to end up being easier for me, is
 3   let's have all testimony here.  We don't have to do directs by
 4   affidavits.  I'll have the witnesses here.  I will still want
 5   to hear from the parties about things like findings of fact and
 6   conclusions of law, but rather than doing affidavit testimony,
 7   we'll do it all in court.
 8              Let me begin with Ms. Gutierrez.  The concededly few
 9   dates I've offered you, do any of them work?
10              MS. GUTIERREZ:  I think I might have mentioned this
11   last time we were before your Honor--
12              THE COURT:  I know you did.
13              MS. GUTIERREZ:  Yes.  The beginning of August is
14   difficult for me.  I have a trip planned.  So August 22 is the
15   first date that you mentioned that I can do and then thereon
16   after is fine.
17              THE COURT:  Mr. Clark, does that work for you as well?
18              MR. CLARK:  Yes, your Honor.
19              THE COURT:  Mr. Giblin, how about your team?  And I'm
20   sorry in advance if I'm destroying your summer vacation.
21              MR. GIBLIN:  That's not a problem, your Honor, but
22   Ms. Koo is going to be out of the country beginning July 29 --
23   and, unfortunately, I think that takes us through Labor Day, so
24   perhaps we should --
25              THE COURT:  Is that a certain plan set-in-stone kind
```

1    of trip?  I'm not going to -- I don't need to know the
2    particulars of it.  Is this something that cannot be moved?
3            MS. GUTIERREZ:  We'll confer with our client, your
4    Honor.
5            THE COURT:  Take whatever time you need, sir.
6            (Pause)
7            MR. GIBLIN:  Your Honor, unfortunately, it looks like
8    we have combined a client conflict with also an attorney
9    conflict the last two weeks of August.  I know that your
10   September calendar is very well blocked off.
11           THE COURT:  Yes.  And that is unfortunate.  Then with
12   the prefatory comment "rats," what about -- we could try the
13   17th of October.  This RICO trial, I have no idea how long it's
14   going to go.
15           Let me do this:  If it turns out all eleven of my
16   defendants, death eligible and otherwise, decide to plead
17   guilty, then I will let you know timely.  For the reasons I've
18   just stated, I'm not sure that is going to happen.  I can do
19   the week of the 17th of October.  Too far?
20           MR. GIBLIN:  I certainly understand that limitation,
21   and that is certainly acceptable to the defense.
22           THE COURT:  OK.  Ms. Gutierrez, how does that work for
23   you?
24           MS. GUTIERREZ:  That's fine, your Honor.
25           THE COURT:  Again, to all sides, I'm appreciating your

1   patience.  What I will do then is I will work backwards from
2   this date.  We will have plenty of time for pretrial
3   submissions.  I will set up a schedule that will probably work
4   back about four weeks in terms of giving me your findings of
5   fact, conclusions of law, and any in limine motions you may
6   have.  Although usually in the bench trial setting, I hope that
7   I'm able to distinguish between things and we don't have to do
8   too many in limine motions.  Then there will be responses three
9   weeks in advance of trial, we'll have a final pretrial
10  conference two weeks before trial, and then the trial itself.
11  I will just give my pitch.  If you can settle this case,
12  certainly that will be welcome too, but I know that there are
13  impediments to that.
14          Ms. Gutierrez, is there anything else we should be
15  discussing in this conference?
16          MS. GUTIERREZ:  Nothing further.  I just wanted to
17  make sure that it was clear on the record, because I believe we
18  only submitted a letter to this effect, that discovery is in
19  fact closed, and we will not be engaging in any more exchange
20  of information or documentation.
21          THE COURT:  I haven't heard a request that it be
22  reopened.
23          MS. GUTIERREZ:  I just wanted to make that clear.
24          THE COURT:  Although Mr. Giblin is about to get up.
25  Mr. Giblin, you're fine with that, right, sir?

1         MR. GIBLIN:  Your Honor, we actually have two matters
2    we'd like to address.  We can address that first or the other
3    if you prefer.
4         THE COURT:  You can address -- whichever you prefer.
5    Although, are you going to allow Mr. Taffet and Mr. Tahougang
6    to get a word in edgewise?
7         MR. GIBLIN:  I believe Tahougang is still waiting on
8    his pro hoc motion.
9         THE COURT:  I am granting it for purposes of this
10   conference, but we will wait until the next conference to let
11   you speak.
12        MR. GIBLIN:  The first item I want to discuss -- and
13   this will be brief -- as the Court is aware, our client Koodo
14   Sushi Corporation has not actually answered the complaint.
15        THE COURT:  Yes, I was wondering about that.
16        MR. GIBLIN:  We wish to do so on its behalf, and we
17   wanted to see how the Court would like to proceed, whether by
18   formal letter motion or motion.  I actually spoke to
19   Ms. Gutierrez before the proceeding started, and I don't
20   believe that she plans to oppose.
21        THE COURT:  I don't think she does either.  Can you
22   get the answer filed in the next three weeks, sir?
23        MR. GIBLIN:  Yes, we can.
24        THE COURT:  That will be fine.  The second and more
25   thorny issue?

1      MR. GIBLIN:  Yes, the more thorny issue, as the Court
2  is aware, we are certainly aware and appreciate that discovery
3  has closed in this matter.  But as we have gotten up to speed
4  over the last seven days, we have noticed, through no fault of
5  anyone, that discovery has been a bit of a one-sided affair,
6  and we would like to formally move to reopen discovery for a
7  very limited time period and a very limited basis, particularly
8  given the fact that trial is now not for several months, we
9  hope and trust that there is no prejudice to the plaintiffs.
10      We would propose I think just propounding a handful of
11 requests for documents, interrogatories and perhaps deposing
12 the parties for certainly less than a full day, three or four
13 hours each.  And we can -- I think the more suitable venue --
14      THE COURT:  May I interrupt you for a moment, sir?
15      MR. GIBLIN:  Yes.
16      THE COURT:  Thank you.
17      Have you discussed any of this with your adversaries
18 before raising it to my attention this afternoon?
19      MR. GIBLIN:  I did, your Honor.  Ms. Gutierrez and I
20 spoke on a very preliminary basis last Friday.  She indicated
21 at that time that she would oppose, and we have not discussed
22 further.
23      THE COURT:  I will let you continue, sir.  Thank you.
24      MR. GIBLIN:  As mentioned, your Honor, just a handful
25 of interrogatories, document requests and perhaps depositions.

1   Ms. Koo of course has produced a subset of the records in her
2   possession to plaintiffs.  We are not aware of plaintiffs
3   producing any records to Ms. Koo.  And we think that neither
4   the federal rules nor the federal courts require a litigant to
5   fly blind, so to speak, at trial, so we would just ask for
6   enough discovery that is necessary to ascertain what evidence
7   the plaintiffs have in their possession that they will proffer
8   at trial to support the allegations in their complaint.  I
9   respectfully submit that it might be more appropriate to argue
10  this in a letter motion rather than here today, especially
11  because Ms. Gutierrez may or may not be prepared to oppose.
12            THE COURT:  I think she is prepared to oppose -- all
13  right.  I'm sorry.  I'm not making light of your motion.
14            Let me say, you will see, sir, as you read the
15  transcripts of prior proceedings in this case, that there were
16  efforts undertaken by myself and by myself to ensure that
17  Ms. Koo had a full understanding of her rights and the scope of
18  the discovery that she could seek.  And there were efforts made
19  to make her aware of that.  So just to your point one-sided --
20  that was the adjective you used earlier -- it wasn't for lack
21  of trying.
22            From my perspective, sir, I think I would do a better
23  job answering your application if it were in writing.  I think
24  before you actually hit the send button or whatever the final
25  button is, you think long and hard about how little

G5IQGAMc

1   discovery -- what's the minimum amount you need to represent
2   your clients effectively and then send it to me.
3           I know already that you will oppose, but if you want
4   to be heard on it, I will listen to you.  I think I also know
5   your arguments.  But I just think it is fairer for me to give
6   you more than 30 seconds to articulate your position, and I
7   think I would do a better job if you gave me a sense of
8   precisely what you needed.
9           MR. GIBLIN:  I think that would be entirely acceptable
10  to us, and we'd be happy to comply, your Honor.
11          THE COURT:  Could that also be done in the same
12  three-week time frame as your answer?  Could I get both the
13  answer and your letter.
14          MR. GIBLIN:  We honestly think that we, your Honor,
15  could prepare it even sooner, even within a week.
16          THE COURT:  I was trying to give you extra time, but
17  that's fine if you don't need it.  To be clear, I don't think I
18  need a formal motion.  A letter brief is absolutely
19  appropriate.  I'm thinking in my head something five pages or
20  fewer.  Do you agree?
21          MR. GIBLIN:  I agree totally.
22          THE COURT:  That's fine.  I will see it.
23          Ms. Gutierrez, if I get it in a week, would a week be
24  enough time to respond or if I don't hear -- do you want not to
25  respond?  It's your call.

1    MS. GUTIERREZ:  I think I would like the option to
2    respond, yes, your Honor.  I am just trying to think of the
3    coming weeks, and I know that they're quite busy.  So if I
4    could just have two weeks to respond.
5         THE COURT:  Of course.
6         MS. GUTIERREZ:  Thank you.
7         THE COURT:  Mr. Giblin, I don't think I need a reply.
8    How about this:  I will ask you if I do.  Is that enough?
9         MR. GIBLIN:  That sounds fine, your Honor.
10        THE COURT:  Other issues you want to raise to my
11   attention, sir?
12        MR. GIBLIN:  We've covered everything the defendant
13   needs to cover.
14        THE COURT:  Thank you very much for coming this
15   afternoon.  It is brief but nonetheless meaningful.
16             Can I ask the folks at the back table to arrange to
17   have a transcript of this conference prepared in the ordinary
18   course just so I have a record of what happened this afternoon.
19   If you order it, I will get a copy of it.
20        MR. GIBLIN:  Of course, your Honor.
21        THE COURT:  Thank you all.  Thank you.
22             (Adjourned)
23
24
25