UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISRAEL GAMERO, NORBERTO
MASTRANZO AND OSCAR SANCHEZ,
individually and on behalf of others similarly
situated,

        *Plaintiffs*,

 -against-

KOODO SUSHI CORP. (d/b/a KOODO
SUSHI), RAYMOND KOO and MICHELLE
KOO,

        *Defendants*.

15 Civ. 2697 (KPF)(SN)

**DEFENDANT KOODO SUSHI CORP.'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

   Defendant Koodo Sushi Corp. ("Koodo"), by and through its attorneys, hereby answers the Complaint in this action (the "Complaint") as follows:

## ADMISSIONS AND DENIALS

## "NATURE OF THE ACTION"

   1. Koodo denies the allegations in paragraph 1, except to admit that Israel Gamero, Norberto Mastranzo and Oscar Sanchez (collectively, "Plaintiffs") were employees of Koodo.

   2. Koodo denies the allegations in paragraph 2 of the Complaint, except to admit that Koodo operated a Japanese restaurant located at 55 Liberty Street, New York, New York 10005, that Michelle Koo wholly owned and operated Koodo, and that Michelle Koo managed the restaurant ("Koodo Sushi").

   3. Koodo denies the allegations in paragraph 3 of the Complaint, except to admit that Koodo is and was at all relevant times wholly owned by Michelle Koo and that Michelle Koo managed Koodo Sushi. The remainder of the allegations contained in paragraph 3 constitute legal conclusions to which no response is required.

   4. Koodo admits the allegations in paragraph 4 of the Complaint.

5. Koodo denies the allegations in paragraph 5 of the Complaint.

6. Koodo denies the allegations in paragraph 6 of the Complaint.

7. Koodo denies the allegations in paragraph 7 of the Complaint.

8. Koodo denies the allegations in paragraph 8 of the Complaint.

9. Koodo denies the allegations in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 10 of the Complaint.

11. Koodo denies the allegations in paragraph 11 of the Complaint.

12. Koodo denies the allegations in paragraph 12 of the Complaint.

13. Koodo denies the allegations in paragraph 13 of the Complaint.

14. Koodo denies the allegations in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 15 of the Complaint.

16. The allegations contained in paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 16 of the Complaint.

## "JURISDICTION AND VENUE"

17. The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo does not contest jurisdiction in this judicial district for the limited purpose of this action only, for so long as the federal claims remain in the suit. Koodo reserves the right to challenge subject

matter jurisdiction in the event Plaintiffs' federal claims are dismissed.

18.     The allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo does not contest that this court is the proper venue to hear this dispute.

## "THE PARTIES"

*"Plaintiffs"*

19.     Koodo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except to deny that Plaintiff Gamero was employed during the periods alleged, and that Plaintiff Gamero was employed continuously or on a regular basis throughout the periods alleged.

20.     Koodo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.  Koodo admits Plaintiff Mastranzo was employed by Koodo at certain times during this period, but denies that Plaintiff Mastranzo's employment corresponded precisely with the period alleged.

21.     Koodo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.  Koodo admits Plaintiff Sanchez was employed by Koodo at certain times during this period, but denies that Plaintiff Sanchez's employment corresponded precisely with the period alleged.

*"Defendants"*

22.     Koodo denies the allegations in paragraph 22 of the Complaint, except to admit that Koodo operated a Japanese restaurant located at 55 Liberty Street, New York, New York 10005, that Michelle Koo wholly owned and operated Koodo, and that Michelle Koo managed Koodo Sushi.

23. Koodo admits the allegations in paragraph 23 of the Complaint.

24. Koodo denies the allegations in paragraph 24 of the Complaint. Raymond Koo is not and has never actively been involved in the operation of Koodo. Raymond Koo does not own any portion of Koodo.

25. The allegations contained in paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 25 of the Complaint, except to admit that Michelle Koo wholly owned Koodo and had decision-making authority for the corporation.

## "FACTUAL ALLEGATIONS"

*"Defendants Constitute Joint Employers"*

26. Koodo denies the allegations in paragraph 26 of the Complaint, except to admit that it operates a Japanese restaurant located in the financial district section of Manhattan in New York City, that Michelle Koo wholly owned and operated Koodo, and that Michelle Koo managed the restaurant.

27. Koodo denies the allegations in paragraph 27 of the Complaint, except to admit that Michelle Koo wholly owned Koodo and had decision-making authority for the corporation.

28. The allegations contained in paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 29 of the Complaint, except to admit that Koodo owned and operated the restaurant and that Michelle Koo managed the restaurant where Plaintiffs worked.

30. The allegations contained in paragraph 30 constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 30 of the Complaint.

31. Koodo denies the allegations in paragraph 31 of the Complaint, except to admit Koodo employed Plaintiffs.

32. Koodo denies the allegations in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 33, except to admit Koodo and Michelle Koo had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34. Koodo denies the allegations in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 35, except to admit that some items used in the restaurant were produced outside of New York.

*"Individual Plaintiffs"*

36. Koodo denies the allegations in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint constitute legal conclusions to which no response is required.  Koodo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

*"Plaintiff Israel Gamero"*

38. Koodo denies the allegations in paragraph 38 of the Complaint, except to admit

that Koodo employed Plaintiff Gamero for a period of time.

39. Koodo admits the allegations in paragraph 39 of the Complaint.

40. Koodo denies the allegations in paragraph 40 of the Complaint.

41. Koodo denies the allegations in paragraph 41 of the Complaint.

42. Koodo denies the allegations in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 43 of the Complaint.

44. Koodo denies the allegations in paragraph 44 of the Complaint.

45. Koodo denies the allegations in paragraph 45 of the Complaint.

46. Koodo denies the allegations in paragraph 46 of the Complaint.

47. Koodo denies the allegations in paragraph 47 of the Complaint.

48. Koodo admits the allegations in paragraph 48 of the Complaint.

49. Koodo denies the allegations in paragraph 49 of the Complaint.

50. Koodo denies the allegations in paragraph 50 of the Complaint.

51. Koodo denies the allegations in paragraph 51 of the Complaint.

52. Koodo denies the allegations in paragraph 52 of the Complaint.

53. Koodo denies the allegations in paragraph 53 of the Complaint.

54. Koodo denies the allegations in paragraph 54 of the Complaint.

55. Koodo denies the allegations in paragraph 55 of the Complaint.

56. Koodo denies the allegations in paragraph 56 of the Complaint.

57. Koodo denies the allegations in paragraph 57 of the Complaint.

58. Koodo denies the allegations in paragraph 58 of the Complaint.

*"Plaintiff Norberto Mastranzo"*

59. Koodo denies the allegations in paragraph 59 of the Complaint, except to admit that Koodo employed Plaintiff Mastranzo for a period of time.

60. Koodo denies the allegations in paragraph 60 of the Complaint.

61. Koodo denies the allegations in paragraph 61 of the Complaint.

62. Koodo denies the allegations in paragraph 62 of the Complaint.

63. The allegations contained in paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 63 of the Complaint.

64. Koodo denies the allegations in paragraph 64 of the Complaint, except to admit that there were times when Plaintiff Mastranzo worked more than 40 hours per week.

65. Koodo denies the allegations in paragraph 65 of the Complaint.

66. Koodo admits the allegations in paragraph 66 of the Complaint.

67. Koodo denies the allegations in paragraph 67 of the Complaint.

68. Koodo denies the allegations in paragraph 68 of the Complaint.

69. Koodo denies the allegations in paragraph 69 of the Complaint.

70. Koodo denies the allegations in paragraph 70 of the Complaint.

71. Koodo denies the allegations in paragraph 71 of the Complaint.

72. Koodo denies the allegations in paragraph 72 of the Complaint.

73. Koodo denies the allegations in paragraph 73 of the Complaint.

74. Koodo denies the allegations in paragraph 74 of the Complaint.

75. Koodo denies the allegations in paragraph 75 of the Complaint.

76. Koodo denies the allegations in paragraph 76 of the Complaint.

77. Koodo denies the allegations in paragraph 77 of the Complaint.

78. Koodo denies the allegations in paragraph 78 of the Complaint.

*"Plaintiff Oscar Sanchez"*

79. Koodo denies the allegations in paragraph 79 of the Complaint, except to admit that Koodo employed Plaintiff Sanchez for a period of time.

80. Koodo denies the allegations in paragraph 80 of the Complaint.

81. Koodo denies the allegations in paragraph 81 of the Complaint.

82. Koodo denies the allegations in paragraph 82 of the Complaint.

83. Koodo denies the allegations in paragraph 83 of the Complaint, except to admit that there were times when Plaintiff Sanchez worked more than 40 hours per week.

84. Koodo denies the allegations in paragraph 84 of the Complaint.

85. Koodo denies the allegations in paragraph 85 of the Complaint.

86. Koodo admits the allegations in paragraph 86 of the Complaint.

87. Koodo denies the allegations in paragraph 87 of the Complaint.

88. Koodo denies the allegations in paragraph 88 of the Complaint.

89. Koodo denies the allegations in paragraph 89 of the Complaint.

90. Koodo denies the allegations in paragraph 90 of the Complaint.

91. Koodo denies the allegations in paragraph 91 of the Complaint.

92. Koodo denies the allegations in paragraph 92 of the Complaint.

93. Koodo denies the allegations in paragraph 93 of the Complaint.

94. Koodo denies the allegations in paragraph 94 of the Complaint.

95. Koodo denies the allegations in paragraph 95 of the Complaint.

96. Koodo denies the allegations in paragraph 96 of the Complaint.

97. Koodo denies the allegations in paragraph 97 of the Complaint.

*"Defendants' General Employment Practices"*

98. Koodo denies the allegations in paragraph 98 of the Complaint.

99. The allegations contained in paragraph 99 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 99 of the Complaint.

100. Koodo denies the allegations in paragraph 100 of the Complaint.

101. Koodo denies the allegations in paragraph 101 of the Complaint.

102. Koodo denies the allegations in paragraph 102 of the Complaint.

103. Koodo denies the allegations in paragraph 103 of the Complaint.

104. The allegations contained in paragraph 104 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 104 of the Complaint.

105. The allegations contained in paragraph 105 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 105 of the Complaint.

106. The allegations contained in paragraph 106 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 106 of the Complaint.

107. The allegations contained in paragraph 107 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 107 of the Complaint.

108. The allegations contained in paragraph 108 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 108 of the Complaint.

109. Koodo denies the allegations in paragraph 109 of the Complaint.

110. Koodo denies the allegations in paragraph 110 of the Complaint.

111. Koodo admits the allegations in paragraph 111 of the Complaint.

112. Koodo denies the allegations in paragraph 112 of the Complaint.

113. Koodo denies the allegations in paragraph 113 of the Complaint.

114. Koodo denies the allegations in paragraph 114 of the Complaint.

115. Koodo denies the allegations in paragraph 115 of the Complaint.

116. Koodo denies the allegations in paragraph 116 of the Complaint.

117. Koodo denies the allegations in paragraph 117 of the Complaint.

118. Koodo denies the allegations in paragraph 118 of the Complaint.

## "**FLSA COLLECTIVE ACTION CLAIMS**"

119. The allegations in paragraph 119 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 119.

120. The allegations in paragraph 120 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 120.

121. Koodo denies the allegations in paragraph 121 of the Complaint.

122. Koodo denies the allegations in paragraph 122 of the Complaint.

123. The allegations in paragraph 123 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations

in paragraph 123.

## "FIRST CAUSE OF ACTION"

## "(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)"

124. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

125. The allegations contained in paragraph 125 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 125, except to admit Koodo and Michelle Koo had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

126. The allegations in paragraph 126 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 126.

127. The allegations contained in paragraph 127 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 127 of the Complaint.

128. The allegations contained in paragraph 128 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 128 of the Complaint.

129. The allegations contained in paragraph 129 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 129 of the Complaint.

130. Koodo denies the allegations in paragraph 130 of the Complaint.

## "SECOND CAUSE OF ACTION"

## "(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)"

131. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

132. The allegations contained in paragraph 132 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 132 of the Complaint.

133. The allegations contained in paragraph 133 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 133 of the Complaint.

134. Koodo denies the allegations in paragraph 134 of the Complaint.

## "THIRD CAUSE OF ACTION"

## "(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)"

135. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

136. The allegations contained in paragraph 136 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 136 of the Complaint, except to admit that Koodo was Plaintiffs' employer at certain times during this period that do not corresponded precisely with the periods alleged.

137. Koodo denies the allegations in paragraph 137 of the Complaint.

138. The allegations contained in paragraph 138 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 138 of the Complaint.

139. Koodo denies the allegations in paragraph 139 of the Complaint.

### "FOURTH CAUSE OF ACTION"

### "(VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)"

140. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

141. Koodo denies the allegations in paragraph 141 of the Complaint.

142. Koodo denies the allegations in paragraph 142 of the Complaint.

143. The allegations contained in paragraph 143 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 143 of the Complaint.

144. Koodo denies the allegations in paragraph 144 of the Complaint.

### "FIFTH CAUSE OF ACTION"

### "(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)"

145. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

146. Koodo denies the allegations in paragraph 146 of the Complaint.

147. The allegations contained in paragraph 147 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Koodo denies the allegations in paragraph 147 of the Complaint.

148. Koodo denies the allegations in paragraph 148 of the Complaint.

## "SIXTH CAUSE OF ACTION"

## "(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)"

149. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

150. Koodo denies the allegations in paragraph 150 of the Complaint.

151. The allegations contained in paragraph 151 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 151 of the Complaint.

## "SEVENTH CAUSE OF ACTION"

## "(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)"

152. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

153. Koodo denies the allegations in paragraph 153 of the Complaint.

154. The allegations contained in paragraph 154 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 154 of the Complaint.

## "EIGHTH CAUSE OF ACTION"

## "(RECOVERY OF EQUIPMENT COSTS)"

155. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

156. Koodo denies the allegations in paragraph 156 of the Complaint.

157. Koodo denies the allegations in paragraph 157 of the Complaint.

## "NINTH CAUSE OF ACTION"

## "(VIOLATION OF THE TIP WITHHOLDING PROVISIONS OF THE NEW YORK LABOR LAW)"

158. Koodo repeats and re-alleges its answers to all paragraphs above as though set forth herein.

159. Koodo denies the allegations in paragraph 159 of the Complaint.

160. The allegations contained in paragraph 160 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Koodo denies the allegations in paragraph 160 of the Complaint.

161. Koodo denies the allegations in paragraph 161 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

162. Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)

163. Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.  Plaintiffs' causes of action arising out of the FLSA are time-barred to the extent the claims accrued more than two years prior to the filing of the Complaint.  29 U.S.C. § 255(a).  To the extent that Plaintiffs allege willful violations, Plaintiffs' causes of action arising out of the FLSA are time-barred to the extent that the claims accrued more than three years prior to the filing of the complaint.  *Id.*

### THIRD AFFIRMATIVE DEFENSE (GOOD FAITH)

164. Defendants have at all times acted in good faith and had reasonable grounds for believing that their pay practices complied with the FLSA and NYLL.

### FOURTH AFFIRMATIVE DEFENSE (ADMINISTRATIVE DEFERENCE)

165. Defendants' pay practices were administered in conformity with orders from the New York State Department of Labor interpreting the NYLL.

### FIFTH AFFIRMATIVE DEFENSE (COMPLETE AND TIMELY PAYMENT)

166. Defendants made complete and timely payment of all wages due.

### SIXTH AFFIRMATIVE DEFENSE (LACHES, ESTOPPEL, AND WAIVER)

167. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

### SEVENTH AFFIRMATIVE DEFENSE (RESERVATION OF RIGHTS)

168. Defendants reserve all defenses at law or equity that may now exist or in the future be available on discovery and further factual investigation in this case.

Dated:    New York, New York
          June 8, 2016

                          LATHAM & WATKINS LLP

                          By /s/ Thomas J. Giblin
                             Richard D. Owens
                             Thomas J. Giblin
                             Eric L. Taffet
                             M. Theodore Takougang (*pro hac vice*)
                             885 Third Avenue
                             New York, New York 10022-4834
                             Telephone: (212) 906-1200
                             Facsimile: (212) 751-4864
                             Email: richard.owens@lw.com
                                    thomas.giblin@lw.com
                                    eric.taffet@lw.com
                                    theodore.takougang@lw.com

                             *Attorneys for Defendants Koodo Sushi*
                             *Corp. and Michelle Koo*