```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 2, 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISRAEL GAMERO, NORBERTO MASTRANZO AND OSCAR SANCHEZ. individually and on behalf of others similarly situated,

                Plaintiffs,

-against-

KOODO SUSHI CORP. (d/b/a KOODO SUSHI), RAYMOND KOO AND MICHELLE KOO,

                Defendants.

15 Civ. 2697 (KPF)

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, through their respective counsel, submit the following Stipulated Protective Order.

**A. Proceedings and Form of Information Governed**

1. This Protective Order shall govern any document, information, or other material or thing that is designated as containing "Confidential" information as defined herein, and is furnished by any party or non-party to any other party in connection with the Action. The Parties bound by this Protective Order include:

    a. Israel Gamero, Norberto Mastranzo and Oscar Sanchez ("Plaintiffs");

    b. Koodo Sushi Corp. (d/b/a/ Koodo Sushi) and Michelle Koo ("Defendants");

2. The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or things, interrogatories,

1

requests for admissions, subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. For purposes of this Protective Order, "document" shall be accorded its broadest possible meaning, and shall include, without limitation, the whole page or file or any portion thereof of any written, printed, or graphic matter, any computer file, record, or tape produced by or obtained from any party or non-party, any electronically stored information, or any copy, extract, or complete or partial summary prepared therefrom, and any document or thing covered by Fed. R. Civ. P. 34.

**B.  Materials which may be designated "Confidential"**

    **1.** Any documents, responses to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information or materials produced in this Action by any party or non-party (collectively, "Discovery Materials") may be designated by a producing party or non-party as "Confidential" under this Protective Order, if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards and the definitions below. Hereinafter, "Producing Party" shall refer to the party or non-party who produces or provides Discovery Materials, and "Receiving Party" shall refer to the party who receives Discovery Materials from another party or non-party.

    **2.** "Confidential Information" shall include any Discovery Materials that the Producing Party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercially sensitive information. "Confidential Information" shall include, for example, customer information, including but not limited to names, addresses, or phone numbers.

        a.  Unless otherwise ordered by the Court or agreed to by the Producing Party, access to Discovery Materials marked "Confidential" shall be made available to the following "qualified persons":

(1) Outside attorneys of record, who have entered an appearance for a Party in this Action, and, if the attorney of record is a member of a law firm, the employees and staff of the law firm (collectively, "Outside Counsel").

(2) Document management and copy services, electronic data support, translation services, jury research consultants, mock jurors, graphics and trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, retained by Outside Counsel to provide litigation support services in this Action and who are under a duty of confidentiality;

(3) Independent experts or consultants, whether testifying or non-testifying, who have been retained by a Party or by Outside Counsel for a Party to assist with the technical, financial or other aspects of the litigation ("Experts" or "Consultants"), and staff employed by such Experts or Consultants, provided that any such actual or contemplated Expert or Consultant is not a current or reasonably anticipated to be a future employee of a Party or an affiliate of a Party or their respective Outside Counsel. Each such Expert or Consultant shall be informed of the existence and contents of this Protective Order and shall execute an acknowledgement form attached hereto as Exhibit 1, agreeing to be bound by the terms of the Protective Order;

(4) The Court, its personnel, and any court reporters and videographers involved in taking or transcribing testimony in this Action as well as any court considering any appeal or petition in this matter and that court's personnel; and

(5) Such other persons as hereafter may be designated by written agreement in the Action or by order of the Court.

C. **Designating Protected Information**

1. The designation of information as Confidential shall be made at the following times:

    a. For documents and things, at the time of their production. However, in the event that a Producing Party elects to produce documents and things for

inspection pursuant to Fed. R. Civ. P. 34(b), no designation must be made prior to inspection. For purposes of the inspection, all materials shall be considered Confidential until any such materials are produced. For Confidential information, upon request for copying, the Producing Party shall designate such material with the appropriate confidentiality marking;

    b. For written responses to interrogatories or requests for admissions, at the time of the written response;

    c. For declarations and pleadings, at the time of the filing of such declaration or pleading or as otherwise required by the Court;

    d. For deposition testimony, at the time of the testimony or within thirty (30) calendar days after receipt by the designating Party of the transcript of the deposition; and

    e. For oral disclosures (other than deposition testimony), through confirmation in writing within ten (10) calendar days of the disclosure thereof.

  2. The designation of information shall be made in the following manner:

    a. For documents, by placing a legend on each page of such document;

    b. For tangible objects, by placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed;

    c. For written responses to interrogatories or requests for admissions, in writing on the face of any such responses;

    d. For declarations or pleadings, in writing on the face of any such declaration or pleading;

    e. A Party or third party providing testimony may designate the original and all copies of any deposition transcript as Confidential by indicating the appropriate designation on the record before the close of the deposition or by notifying the court reporter and all counsel in writing of the appropriate designation within thirty (30) calendar days after receiving the final transcript, during which thirty (30) calendar day period the transcript shall be

treated as Confidential. If no oral designation was made at the deposition and no written designation is made within the thirty (30) calendar day period, then the transcript and testimony shall be deemed non-confidential. The Court Reporter shall include on the cover page of each deposition a clear indication that the deposition contains Confidential information, as the case may be. Any document designated as Confidential that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition; and

    3.    Each Party retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such re-designations from that time forward.

**D.    LIMITATIONS ON USE OF CONFIDENTIAL INFORMATION**

    1.    All Discovery Materials designated as Confidential shall be used solely for the purpose of this Action and not for any other purpose, including but not limited to use in other litigation, use for business purposes. Any person found to have made an impermissible use of any Confidential information produced in this Action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.

    2.    All materials designated as Confidential shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order.

**E.    INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION**

    1.    The production of any document or information without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection. With respect to documents, the Producing Party shall immediately upon discovery notify the other Parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.

    2.    Other than as specified herein, the taking of, or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this Action or any other action, such right including, but not limited

to, the right to claim that any information is or is not entitled to particular protection. The procedures set forth herein shall not affect the rights of Parties to object to discovery on other grounds other, nor shall it relieve a Party of the necessity of proper response to discovery.

### F. RESOLUTION OF DISPUTES REGARDING PROTECTED INFORMATION

1. If any Party disagrees with the designation by the Producing Party or non-party of any Discovery Material as Confidential then the Parties to the dispute, after providing notice to all Parties in this Action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Protected Information pending resolution of the Parties' dispute. If the dispute can be resolved, all Parties shall promptly be informed of the resolution. If the Parties are unable to resolve the matter informally, the Party objecting to the confidential status of a document may file an appropriate motion before the Court. In response to a motion brought pursuant to this paragraph, the designating Party must show good cause to maintain the Protective Order as to the document in dispute and bears the burden of persuading the Court that the information is in fact Confidential or within the definition(s) of those term(s) set forth above.

### G. TERMINATION OF LITIGATION

1. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Information and certify that fact.

2. The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential material from (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) unstructured departed employee data, and/or (4) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential material, but such retained information shall continue to be treated in accordance with the Order. Notwithstanding the foregoing, Counsel for

the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential provided that such counsel and employees of such counsel shall not disclose such material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**H.   ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION**

1. This Protective Order shall survive the final conclusion of this Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action.

2. The recipient of any Confidential information hereby agrees to subject himself/herself to the jurisdiction of this Court of the purpose of any proceedings related to the performance under, compliance with, or violations of this Protective Order.

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____

Raquel A. Gutiérrez
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Tel: (212) 317-1200
Email: rgutierrez@faillacelaw.com

*Attorneys for Plaintiffs*
*Israel Gamero, Norberto Mastranzo*
*and Oscar Sanchez*

LATHAM & WATKINS LLP

By: _____

Thomas J. Giblin
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1232
Email: thomas.giblin@lw.com

*Attorneys for Defendants*
*Koodo Sushi Corp. and Michelle Koo*

This confidentiality agreement does not bind the Court or any of its personnel. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Practice in Civil Cases.

Dated:     August 2, 2016              SO ORDERED.
           New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE