**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ISRAEL GAMERO, NORBERTO
MASTRANZO AND OSCAR SANCHEZ,
*individually and on behalf of others similarly situated,*

                      *Plaintiffs*,

      -against-

KOODO SUSHI CORP. (d/b/a KOODO SUSHI), RAYMOND KOO and MICHELLE KOO,

                      *Defendants.*
-------------------------------------------------------X

Index No. 15-cv-02697 (KPF)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WITNESSES NOT TIMELY DISCLOSED

MICHAEL FAILLACE & ASSOCIATES, P.C.
Shawn Clark
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Plaintiffs, by their attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in support of their motion *in limine* to exclude the testimony of proposed defense witnesses Yazhong Zhang and Quirong Lin (the "Non-Party Witnesses"), individuals who were not properly identified or disclosed in discovery.

## PRELIMINARY STATEMENT

In a proposed draft of the Joint Pretrial Order, sent today, the day the Joint Pretrial Order is due, the Defendants listed the Non-Party Witnesses as potential trial witnesses. This was the first disclosure of the Non-Party Witnesses as potential witnesses or people who potentially possess information relevant to the claims and defenses in this case. The Non-Party Witnesses were never disclosed by Defendants in the course of discovery, including in their responses to Plaintiffs' Interrogatories in July, and instead were first disclosed to Plaintiffs today, less than a month before trial is scheduled to begin. The Court should preclude testimony from these surprise witnesses.

## ARGUMENT

### I. DEFENDANTS' PROPOSED WITNESSES WERE NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED FROM TRIAL

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A). Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1).

To ensure compliance with Rule 26, Rule 37 provides that any party that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

*See* Fed. R. Civ. P. 37(c)(1).

Here, the Non-Party Witnesses were disclosed for the first time today, in revisions Defendants' attorneys provided to Plaintiffs' attorneys' draft of the joint pretrial order. The Defendants had not previously identified the Non-Party Witnesses as individuals who Defendants may use to support their defenses. Notably, in Defendants Responses and Objections to Plaintiffs' First Set of Interrogatories, served on July 7, 2016 and prepared by Defendants with the assistance of counsel, Defendants did not identify either witness at issue as in possession of relevant information concerning this matter; Defendants *did* identify witnesses Joe Zhou and Ruyi Wang, and Plaintiffs do not move to exclude them here.

In considering whether to preclude the testimony of witnesses not timely disclosed, Courts should consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy v. Davis,* 469 F.3d 284, 296 (2d Cir. 2006). A bad faith violation is not required in order to exclude testimony of a witness not timely disclosed. *Id.*

Here, Defendants have not offered an explanation for their delayed disclosure of the Non-Party Witnesses. It is unclear what the importance of the Non-Party Witnesses testimony will be. Because the Non-Party Witnesses were not disclosed during discovery in these case, the Plaintiffs did not have the opportunity to take their depositions. Presumably the Non-Party Witnesses will only be competent to testify about their own experiences working for the Defendants, and not those

of the Plaintiffs. The Non-Party Witnesses most likely do not have personal knowledge of how Plaintiffs were paid by Defendants. As such, the Non-Party Witnesses' testimony is unlikely to be of significant importance, and would only serve to unnecessarily prolong the trial.

The Plaintiffs will be significantly prejudiced by the introduction of two previously undisclosed witnesses, as there is not practical way for Plaintiffs to obtain discovery from these witnesses, as the trial is less than one month away. Plaintiffs may have taken the Non-Party Witnesses depositions if they had been properly disclosed before trial as individuals with discoverable information that the Defendants may use in support of their defenses in this action.

Plaintiffs also respectfully request that they be granted their attorneys' fees for this motion. *See* Fed. R. Civ. P. 37(c)(1)(A).

## CONCLUSION

Wherefore, it is respectfully requested that the Court exclude the testimony of proposed witnesses Yazhong Zhang and Quirong Lin, and that Plaintiffs be awarded their attorneys' fees for this motion, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 19, 2016

> MICHAEL FAILLACE & ASSOCIATES, P.C.
> *Attorneys for Plaintiffs*
>
> By: ___/s/ Shawn Clark _
> Shawn R. Clark
> Michael Faillace & Associates, P.C.
> 60 East 42nd Street, Suite 2020
> New York, New York 10022
> (212) 317-1200