UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL GAMERO, NORBERTO MASTRANZO AND OSCAR SANCHEZ, individually and on behalf of others similarly situated,<br><br>                     Plaintiffs,<br><br>  -against-<br><br>KOODO SUSHI CORP. (d/b/a KOODO SUSHI), RAYMOND KOO AND MICHELLE KOO,<br><br>                     Defendants. | 15 Civ. 2697 (KPF) |

**DEFENDANTS KOODO SUSHI CORP. AND MICHELLE KOO'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
<u>MOTION IN LIMINE TO EXCLUDE WITNESS TESTIMONY</u>**

LATHAM & WATKINS LLP
Richard D. Owens
Thomas J. Giblin
Eric L. Taffet
M. Theodore Takougang (*pro hac vice*)
885 Third Avenue
New York, New York 10022-4834
(212) 906-1200

*Attorneys for Defendants Koodo Sushi
Corp. and Michelle Koo*

Defendants Koodo Sushi Corp. and Michelle Koo (collectively, "Defendants") submit this memorandum of law in opposition to Plaintiffs' motion *in limine* to exclude from trial the testimony of proposed defense witnesses Yazhong Zhang and Quirong Lin.

## ARGUMENT

The Court should deny Plaintiffs' motion to exclude the testimony of Mr. Zhang and Mr. Lin because the timing and manner of Defendants' identification of Mr. Zhang and Mr. Lin was fully justified and is harmless to Plaintiffs. Plaintiffs argue that, because these witnesses were not identified as individuals "likely to have discoverable information" in the Defendants' initial pretrial disclosures pursuant to Federal Rule of Procedure 26(a)(1)(A)(i), or in discovery, they are "surprise witnesses" whose testimony should be precluded. Plaintiffs' motion, however, exaggerates the potential prejudice and ignores or mischaracterizes the underlying facts and procedural history of the case. Thus, the harsh sanction of preclusion of either witness's testimony would be inappropriate.

Preclusion of evidence as a discovery sanction is a harsh remedy, and "generally a disfavored action." *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013), citing *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). "A party may defend non-disclosure on the basis that it was substantially justified or harmless." *Id.* (internal quotation marks omitted); *see also* Fed. R. Civ. P. 37(c)(1). When deciding whether to exclude testimony pursuant to Rule 37(c)(1), the Court considers: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original); *see also Keith v. City of*

*New York*, No. 11-cv-3577 (KPF), 2014 WL 6750211, at *3 n.10 (S.D.N.Y Dec. 1, 2014). "While a finding of bad faith is not required to justify preclusion of evidence under Rule 37, a court may consider bad faith in its analysis." *Preuss*, 970 F. Supp. 2d at 175, *citing Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) ("although a 'bad-faith' violation of the Rule 26 is not *required* in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply"). Applying the factors from *Patterson*, Mr. Zhang and Mr. Lin should be permitted to testify at trial.

*First*, the timing of Defendants' disclosure is easily and adequately explained by the procedural history of this case. As the Court is well aware, defense counsel's ability to participate in discovery was limited by time and circumstances, and its factual investigation has by necessity continued after the re-opened discovery period had concluded. At the time defense counsel assumed representation of Defendants and first appeared in this case on May 18, 2016, discovery had been closed for nearly seven months, *see* Gutierrez Ltr., Dkt. No. 45, June 3, 2016, and had been conducted entirely by a *pro se* defendant who, despite her good faith efforts to comply with Plaintiffs' requests, lacked the sophistication to identify the evidence most helpful to her defense. On June 7, 2016, the Court granted Defendants' motion to reopen discovery for an abbreviated time period and for limited specific purposes. *See* Order, Dkt. No. 46, June 7, 2016. Specifically, the Court allowed Defendants to serve limited discovery requests appended to their motion and to depose one Plaintiff. *Id.* To mitigate any prejudice to Plaintiffs, the Court also ordered Defendant Koo to respond to previously served interrogatories and document requests, and to be made available for a deposition. *Id.*

As soon as Defendants' counsel had an opportunity to review Plaintiffs' lengthy

interrogatories and consult with Defendant Koo, Defendants promptly responded to the interrogatories on July 7, 2016. As Plaintiffs acknowledge, Defendants identified additional individuals—namely, Joe Zhang and Ruyi Wu[1]—who they knew at that time likely had knowledge or information concerning the claims and defenses in this case. Pls.' Mem. at 2, Dkt. No. 55. Of course, Defendants' counsel continued to conduct further factual investigation, an effort that extended beyond the expiration of the re-opened discovery period on August 19, 2016. *See* Order, Dkt. No. 50, July 21, 2016.

Shortly before the deadline to submit the joint pretrial order, Defendants concluded that they may need to call Mr. Zhang and/or Mr. Lin during trial. In a telephone conference on September 16, 2016, counsel for Defendants informed counsel for Plaintiffs that Defendants would include witnesses in the joint pretrial order whose names had not previously been provided to Plaintiffs, and that all witnesses were employees of Koodo Sushi. Rather than ask for further information, counsel for Plaintiffs simply replied that he would consider moving to exclude those witnesses' testimony, and suggested exchanging draft joint pretrial orders the following Monday—September 19, 2016.[2]

In light of the fact that defense counsel, which had only recently been appointed to the case, worked on an expedited schedule to fully provide discovery information to Plaintiffs in

---

[1] In the parties' joint pretrial order, which lists Defendants' trial witnesses, Ms. Wu was inadvertently identified as Ruyi Wang. Joint Pretrial Order at 8, Dkt. No. 53, Sept. 19, 2016. Her actual name is "Ruyi Wu," not "Ruyi Wang."

[2] Although Plaintiffs have not moved on this basis, for the avoidance of doubt, Defendants submit that they fully complied with the requirement to provide notice of their intent to call additional witnesses more than thirty days in advance of trial, "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3). Not only did they notify Plaintiffs more than 30 days prior to trial that additional witnesses would be called, they provided Plaintiffs with the specific names in accordance with the Court's deadline to submit the joint pretrial order.

good faith in accordance with the Court's order, the fact that Defendants did not identify Mr. Zhang or Mr. Lin in initial disclosures or otherwise before they were contemplated as potential witnesses was justified. This is not a case like *Patterson*, 440 F.3d at 117-18, where the disclosing party waited until the eve of trial to disclose what Plaintiffs have termed "surprise witnesses,"[3] Pls.' Mem. at 1, Dkt. No. 55. Mr. Zhang and Mr. Lin were identified a month before to trial in a matter where discovery was re-opened only a few months prior. Indeed, Defendants hope the Court will recognize that, during the short time that Defendants have been represented by counsel, they have made full and timely disclosures of all required information within their knowledge.

*Second*, Mr. Zhang's and Mr. Lin's testimony is critical to resolving the issues in this case. Both Mr. Zhang and Mr. Lin are Koodo Sushi employees who worked at the restaurant during the periods of Plaintiffs' alleged employment. They possess information relating to Plaintiffs' work schedules, activities, and pay, Defendants' general employment practices, and Plaintiffs' credibility as witnesses. Defendants have reason to believe that Plaintiffs' evidence regarding those topics will be based principally on the testimony of the named Plaintiffs. Therefore, Mr. Zhang's and Mr. Lin's testimony is particularly important to rebut and provide context for Plaintiffs' testimony.

*Third*, Plaintiffs are not prejudiced by the timing of the disclosure of Mr. Zhang and Mr. Lin in the parties' exchange of drafts of the joint pretrial order. Plaintiffs' suggestion that they

---

[3] In *Patterson*, 440 F.3d at 117, the Second Circuit held that the recent substitution of defense counsel did not justify the identification of four witnesses ten days before trial because the defendant had been represented by other counsel for multiple years. Unlike that case, Defendant Koo proceeded *pro se* for over a year, and since appearing in this case, defense counsel has worked expeditiously to familiarize itself with the matter, and to provide all required disclosures to Plaintiffs as it has become aware of relevant information.

are prejudiced because "there is not [a] practical way for Plaintiffs to obtain discovery from these witnesses," and that they may have "taken [their] depositions," again ignores the history of this case. In its initial discovery period, Plaintiffs did not conduct a single deposition, including of Defendant Koo, and it is not credible to suggest that they would have done so had Mr. Zhang and Mr. Lin been named in initial disclosures. Further, as noted above, Plaintiffs *could not* have taken the depositions of Mr. Zhang or Mr. Lin after discovery was reopened. In its order, the Court specifically ordered that the only person Plaintiffs were entitled to depose was Defendant Koo. *See* Order, Dkt. No. 46, June 7, 2016. In fact, Plaintiffs vehemently opposed reopening discovery, and if they had prevailed in that effort, they would not have been entitled to any additional depositions. Gutierrez Ltr., Dk. No. 45, June 3, 2016. In their opposition to additional discovery, Plaintiffs contended that, in the event discovery was reopened, "the only way that Plaintiffs would not be prejudiced" was to have Defendant Koo answer previously served interrogatories and document requests and be made available for a deposition—remedies which they were fully afforded. *Id.* at 4. They cannot reasonably now claim that their inability to depose other individuals constitutes additional prejudice.

Moreover, Plaintiffs could have easily ascertained the identities of Mr. Zhang and Mr. Lin through reasonable diligence during the discovery period.[4] Both individuals have been employed by Koodo Sushi since well before Plaintiffs filed their complaint on April 7, 2015, and could have been easily identified by Plaintiffs' counsel simply by asking their own clients about

---

[4]   Indeed, both were explicitly named by Defendant Koo in her deposition, in response to a direct question from Plaintiffs' counsel asking for the names of employees with relevant knowledge. *See* Giblin Decl. at Ex. A, Koo Dep. Tr. 33:14-22 ("Q: Okay. Can you give me the names of any other employees or workers who you believe would have knowledge relating to the facts of this case? A: The kitchen chef, Lin. Q: L – A: L-I-N. . . . Delivery guy, Michael. . . ."). Plaintiffs' counsel never followed up with Defendant Koo or with Defendants' counsel to ascertain the full names of Mr. Lin or Mr. Zhang (who goes by "Mike" or "Michael").

5

their co-workers.  That they consciously chose not to exercise such diligence cannot now support a claim of prejudice.  Accordingly, the timing of Defendants' disclosure is harmless to Plaintiffs. *See Preuss*, 970 F. Supp. 2d at 175 (failure to disclose is "harmless" under Rule 37(c)(1) when "when there is no prejudice to the party entitled to the disclosure").

**CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiffs' motion *in limine* to exclude the testimony of Yazhong Zhang and Quirong Lin.

Dated: September 26, 2016
      New York, New York

                LATHAM & WATKINS LLP

                By /s/ Thomas J. Giblin_____
                     Thomas J. Giblin
                     Richard D. Owens
                     Eric L. Taffet
                     M. Theodore Takougang (*pro hac vice*)
                     885 Third Avenue
                     New York, New York 10022-4834
                     Telephone: (212) 906-1200
                     Facsimile: (212) 751-4864
                     Email: thomas.giblin@lw.com
                     richard.owens@lw.com
                     eric.taffet@lw.com
                     theodore.takougang@lw.com

                     *Attorneys for Defendants Koodo Sushi*
                     *Corp. and Michelle Koo*