USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 7, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ISRAEL GAMERO, NORBERTO MASTRANZO AND
OSCAR SANCHEZ, *individually and on behalf of others similarly situated*,

                             *Plaintiffs*,

    -against-

KOODO SUSHI CORP. (d/b/a KOODO SUSHI),
RAYMOND KOO and MICHELLE KOO,

                             *Defendants*.
------------------------------------------------------------------X

Index No. 15-cv-02697
(KPF)

**JOINT PRETRIAL ORDER**

Hon. Hon. Katherine Polk Failla, United States District Judge:

    The Plaintiffs and Defendants Koodo Sushi Corp. and Michelle Koo ("Defendants") jointly propose the following statements, directions and agreements as the Pre-trial Order:

**i.    FULL CAPTION**

The caption is as above.

**ii.    TRIAL COUNSEL**

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| Shawn Clark, Esq. | Thomas J. Giblin |
| Michael Faillace & Associates, PC | Latham & Watkins LLP |
| 60 East 42nd Street, Suite 2540 | 885 Third Avenue |
| New York, New York 10165 | New York, NY 10022 |
| Telephone: (212) 317-1200 | (212)-906-1200 |
| Fax: (212) 317-1620 | Fax: (212)-751-4864 |
| Email: sclark@faillacelaw.com | Email: thomas.giblin@lw.com |

**iii.    SUBJECT MATTER JURISDICTION**

*Plaintiffs' Statement*

Plaintiffs brought this case alleging subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

*Defendants' Statement*

Defendants do not contest subject matter jurisdiction.

**iv.    BRIEF STATEMENT OF EACH CLAIM AND DEFENSE**

This is an action for money damages brought by Plaintiffs Israel Gamero, Norberto Mastranzo, and Oscar Sanchez ("Plaintiffs"), alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6  Plaintiffs assert the following claims, all of which remain to be tried.

1. **Violation of the Minimum Wage Provisions of the FLSA.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable hourly minimum wage rate.  29 U.S.C. §§ 206, 216, 255(a).

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

2. **Violation of the Overtime Provisions of the FLSA**.   Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

3. **Violation of the New York Minimum Wage Provisions.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay her the applicable hourly minimum wage rate.  NYLL §§652(1), 663.

 In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

4. **Violation of the New York Overtime Provisions**.  Plaintiffs allege that Defendants were their employers and willfully failed to pay her the applicable overtime wage rate for all hours above 40 worked in a week.  NYLL §§190, *et seq.*; 12 NYCRR §146-1.4.

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

5. **Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay them an additional hour's pay for each day that the interval between the beginning and end of their workdays was more than ten hours.  12 NYCRR § 146-1.6.

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

6. **Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**.  Plaintiffs allege that Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

7. **Violation of the Wage Statement Provisions of the New York Labor Law**.  Plaintiffs allege that Defendants did not provide them with a statement of wages with each payment, as required by NYLL §195(3).

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

8. **Recovery of Equipment Costs**.  Plaintiffs allege that Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

    **9.  Violation of the Tip Withholding Provisions of the New York Labor Law**.  Plaintiffs allege that Defendants unlawfully and without permission from Plaintiffs have misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiffs. NYLL §196-d.

    In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

**v.**    **WHETHER TRIAL IS TO A BENCH OR JURY TRIAL**

    The case is to be tried without a jury.  The parties anticipate trial to take three days.

**vi.**    **WHETHER THE PARTIES CONSENT TO TRIAL OF THE CASE BY A MAGISTRATE JUDGE**

    The parties have not consented to trial by a magistrate judge.

**vii.**    **JOINT STIPULATIONS OF FACT AND LAW**

    The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

**JOINT STIPULATIONS OF FACT**

    **1.**    The Plaintiffs filed the present action in the United States District Court for the Southern District of New York on April 7, 2015.

    **2.**    Defendants Michelle Koo and Koodo Sushi Corp. own, operate, or control a Japanese restaurant located at 55 Liberty Street, New York, New York 10005 under the name

Koodo Sushi.  For avoidance of doubt, Defendant Raymond Koo does not and has not participated in the ownership, operation or control of Koodo Sushi.

    **3.**      Michelle Koo was an employer of Plaintiffs for purposes of the FLSA and the NYLL, however the exact dates of Plaintiffs' employment are disputed.

    **4.**      The employees of Koodo Sushi regularly used ingredients and other items that have traveled or were produced in interstate commerce.

**JOINT STIPULATION OF LAW**

    **1.**      The statute of limitations for FLSA actions is two years, or three in cases of willful violations.  29 U.S.C. §255.

    **2.**      The statute of limitations under the New York Labor Law is six years.

    **3.**      Under both federal and New York law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

    **4.**      Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.  29 U.S.C. §207; 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

    **5.**      Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

**viii.    WITNESS LIST**

**PLAINTIFFS' WITNESSES**

**1.**    Israel Gamero: testimony in person.  Will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants and his job duties while employed by Defendants.

**2.**    Norberto Mastranzo:  testimony in person.  Will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants and his job duties while employed by Defendants.

**3.**    Oscar Sanchez: testimony in person.  Will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants and his job duties while employed by Defendants.

Plaintiffs reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiffs reserve the right to call Defendants' witnesses in the event they do not choose to do so at trial.

Plaintiffs reserve the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Plaintiffs' witnesses will testify through a Spanish language interpreter.

**DEFENDANTS' WITNESSES**

**1.**    Michelle Koo:: testimony in person.  Will testify as to the job duties, hours, wages, and tips paid to the Plaintiffs during their employment. Will also testify as to the general employment practices of the Defendants.

    **2.**    Joe Zhou:  testimony in person.  Will testify as to the job duties, hours, wages, and tips paid to the Plaintiffs during their employment. Will also testify as to the general employment practices of the Defendants.

    **3.**    Yazhong Zhang:  testimony in person.  Will testify as to the job duties, hours, wages, and tips paid to the Plaintiffs during their employment. Will also testify as to the general employment practices of the Defendants.

    **4.**    Quirong Lin:  testimony in person.  Will testify as to the job duties, hours, wages, and tips paid to the Plaintiffs during their employment. Will also testify as to the general employment practices of the Defendants.

    **5.**    Ruyi Wang:  testimony in person.  Will testify as to the job duties, hours, wages, and tips paid to the Plaintiffs during their employment. Will also testify as to the general employment practices of the Defendants.

Defendants' witnesses will testify through a Chinese (Mandarin) language interpreter.

Defendants reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes.

Defendants reserve the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

**ix.**    **DEPOSITION DESIGNATIONS**

   The parties do not intend to offer deposition testimony in place of live testimony at trial.

**x.**    **EXHIBITS**

**EXHIBIT LIST**

Plaintiffs and Defendants reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

Exhibits listed as P-3will be offered by Plaintiffs.  Exhibits listed as D-T will be offered by Defendants.

| **Exhibit** | **Description** | **Objections** |
| --- | --- | --- |
| P-1 | Plaintiff's Complaint | * |
| P-2 | Defendant Michelle Koo's Answer, Dkt. # 5 (May 11, 2015) | ** |
| P-3 | Seamless Web Order Reports [LW_Koodo000001 through LW_Koodo002108] | ** |

| **Exhibit** | **Description** | **Objections** |
| --- | --- | --- |
| D-A | Work Schedule Dated 8/21/2010-8/22/2010 (LW_Koodo000207) (Sanchez Dep. Ex. D-B) | ** |
| D-B | Work Schedule Dated 8/27/2012 (LW_Koodo000229) | ** |
| D-C | Payout Recording Dated 11/14-11/20 (LW_Koodo000783) | ** |
| D-D | Payout Recording Dated 11/21-11/27 (LW_Koodo000784) | ** |
| D-E | Work Schedule Dated 3/8/2012-3/18/2012 (LW_Koodo001279-001283) (Sanchez Dep. Ex. D-A) | ** |
| D-F | Work Schedule and Wage Information Dated 12/2/2012 (LW_Koodo001417) | ** |
| D-G | Payout Receipts Dated 9/13/2013 (LW_Koodo001771) (Sanchez Dep. Ex. D-C) | ** |
| D-H | Payout and Schedule Recording Dated 4/24/2014 (LW_Koodo001985) | ** |
| D-I | Payout and Schedule Recording Dated 6/26/2014 (LW_Koodo002023) | ** |
| D-J | Payout Receipts Dated 8/8/2014 (LW_Koodo002046) | ** |
| D-K | 2014 Calendar Recording Compensation and Work Schedules (LW_Koodo002156-002173) | ** |

| | | |
|---|---|---|
| D-L | Aldelo for Restaurants Software Payout Export (LW_Koodo002142-002155) | ** |
| D-M | Koodo Sushi Corp. Letter Regarding Oscar Sanchez Salary Dated 10/2/ 2013 (Sanchez Dep. Ex. D-D) | ** |
| D-N | RICO Yogurt Business Card (Sanchez Dep. Ex. D-E) | * |
| D-O | Work Schedule and Wage Information Dated 8/23/2009 (Koo Dep. Ex. P-5) | ** |
| D-P | Work Schedule and Wage Information Dated 4/22/2015 (Koo Dep. Ex. P-6) | ** |
| D-Q | Work Schedule and Wage Information Dated 10/25/2010 | ** |
| D-R | Photo Stills of Koodo Sushi Surveillance Footage Dated 4/11/2015 | * |
| D-S | Defendant Koodo Sushi Corp.'s Answer, Dkt. # 47 (June 8, 2016) | ** |
| D-T | Paper Chef's Hat | * |
| D-U | Apron | * |
| D-V | Summary Exhibit (Based on LW_Koodo000103-002171)[1] | Reserve Objections |

### xi.  Statement of Damages[2]

Overtime & Minimum Wage Damages

Plaintiffs maintain that Defendants are liable for unpaid overtime wages as follows:

To Plaintiff Israel Gamero: $31,803.50

To Plaintiff Norberto Mastranzo: $67,446.00

To Plaintiff Oscar Sanchez: $38,272.50

The damages are calculated by determining the pay Plaintiff would have received each week if he were paid at the appropriate overtime wage for all hours worked above 40 per week, and subtracting the amount Plaintiff was actually paid for each week.

---

[1] Pursuant to Federal Rule of Evidence 1006, Plaintiffs will submit a summary exhibit based on documents produced by Defendants to Plaintiffs bearing the Bates range LW_Koodo000103-002171 or a subset thereof.

[2] Defendants contest not only liability, but also Plaintiffs' statement of damages and intend to present evidence at trial rebutting the calculations included herein.

Liquidated Damages & Pre-Judgment Interest on Overtime and Minimum Wage Damages

Plaintiffs maintain the Defendants are liable for liquidated damages and pre-judgment interest as follows:

To Plaintiff Israel Gamera: $67,900.31

To Plaintiff Norberto Mastranzo: $100,612.30

To Plaintiff Oscar Sanchez: $67,471.78

The damages are calculated by multiplying the weekly unpaid wages by 25% for all dates through April 8, 2011, by 100% for all dates from April 9, 2011 through April 5, 2012, and 200% for all dates after April 6, 2012. Pre-judgment Interest is calculated at the rate of nine percent (9%) per annum simple interest under N.Y. C.P.L.R. § 5004.

Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiffs maintain the Defendants are liable for spread of hours damages as follows:

To Plaintiff Israel Gamera: $3,770.00

To Plaintiff Norberto Mastranzo: $9,012.50

To Plaintiff Oscar Sanchez: $10,345.00

Spread of hours damages are calculated by multiplying the minimum wage rate by the number of dates that Plaintiffs worked a spread of hours of more than ten.

Violation of New York Annual Wage Notice Law

Plaintiffs maintain Defendants are liable as follows:

To Plaintiff Israel Gamera: $2,500.00

To Plaintiff Norberto Mastranzo: $2,500.00

11

To Plaintiff Oscar Sanchez: $2,500.00

The damages are calculated by multiplying the number of weeks the violation persisted for by $50, up to a maximum of $2,500.

Violation of New York Wage Statement Law

Plaintiffs maintain Defendants are liable as follows:

To Plaintiff Israel Gamera: $2,500.00

To Plaintiff Norberto Mastranzo: $2,500.00

To Plaintiff Oscar Sanchez: $2,500.00

The damages are calculated by multiplying the number of weeks the violation occurred for by $100, up to a maximum of $2,500.

Recovery of Equipment Costs

Plaintiffs maintain Defendants are liable as follows:

To Plaintiff Israel Gamera: $425.00

To Plaintiff Oscar Sanchez: $110.00

The damages are calculated by reference to Plaintiffs' alleged costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs.

Attorneys' Fees & Withheld Tip Wages

Plaintiffs also seek recovery for Attorneys' Fees & tips improperly withheld during the course of their employment, the value of which shall be determined following trial.

   **xii.    Statement re Unanimous Verdict**

   This matter shall proceed as a bench trial, and accordingly this section is inapplicable.

```
Endorsed as modified by the Court at the final pretrial conference on
October 4, 2016.

Dated:     October 7, 2016                SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

```
                                          HON. KATHERINE POLK FAILLA
                                          UNITED STATES DISTRICT JUDGE
```