UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ISRAEL GAMERO, NORBERTO MASTRANZO,
and OACAR SANCHEZ, individually and on behalf
of others similarly situated,

                           Plaintiffs,                      15 **CIVIL** 2697 (KPF)

        -against-                                      **JUDGMENT**

KOODO SUSHI CORP., d/b/a KOODO SUSHI,
RAYMOND KOO, and MICHELLE KOO,

                           Defendants.
-------------------------------------------------------------X

       Whereas this case proceeded to a bench trial in October 2016, and the matter having come before the Honorable Katherine P. Failla, United States District Judge, and the Court, on September 28, 2017, having rendered its Opinion and Order concluding that Plaintiffs are entitled to relief under their First through Seventh Causes of Action, and directing the Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiffs' damages as follows:

    Sanchez: $2,311.58 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on April 9, 2012; $972.43 in liquidated damages; and $2,500.00 for Defendants' violation of NYLL § 195(3);

    Mastranzo: $3,668.07 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on July 30, 2012; $2,915.04 in liquidated damages; and $2,500.00 for Defendants' violation of NYLL § 195(3);

    Gamero: $2,535.00 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on August 5, 2013; $2,535.00 in liquidated damages; $2,500.00 for

Defendants' violation of NYLL § 195(1); and $2,500.00 for Defendant' violation of NYLL § 195(3);

that "[I]f any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4); that Plaintiffs are also entitled to recover their costs and "reasonable attorney's fees." NYLL § 663(1); that given that Plaintiffs' recovery is far smaller than they requested, the Court strongly encourages the parties to reach a mutual agreement on attorney's fees and costs; that in the event the parties cannot reach consensus, Plaintiffs are ORDERED to file a motion for fees and costs on or before October 25, 2017; that Defendants shall oppose the motion on or before November 8, 2017, and that Plaintiffs may not file a reply brief, and directing the Clerk of Court to terminate all pending motions, adjourn all remaining dates, and close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated September 28, 2017, the Court concludes that Plaintiffs are entitled to relief under their First through Seventh Causes of Action; Judgment is entered in favor of Plaintiffs as follows:

Sanchez: $2,311.58 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on April 9, 2012 of $1,141.10; $972.43 in liquidated damages; and $2,500.00 for Defendants' violation of NYLL § 195(3);

Mastranzo: $3,668.07 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on July 30, 2012 $1,709.42; $2,915.04 in liquidated damages; and $2,500.00 for Defendants' violation of NYLL § 195(3);

<u>Gamero:</u> $2,535.00 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on August 5, 2013 $949.48; $2,535.00 in liquidated damages; $2,500.00 for Defendants' violation of NYLL § 195(1); and $2,500.00 for Defendants' violation of NYLL § 195(3);

"[I]f any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4);

Plaintiffs are also entitled to recover their costs and "reasonable attorney's fees." NYLL § 663(1); Given that Plaintiffs' recovery is far smaller than they requested, the Court strongly encourages the parties to reach a mutual agreement on attorney's fees and costs; In the event the parties cannot reach consensus, Plaintiffs are ORDERED to file a motion for fees and costs on or before October 25, 2017; Defendants shall oppose the motion on or before November 8, 2017; Plaintiffs may not file a reply brief; accordingly, all pending motions are terminated, all remaining dates are adjourned, and this case is closed.

**Dated:** New York, New York
September 29, 2017

RUBY J. KRAJICK

BY: _____
Clerk of Court

_____
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON __10/2/2017__