Thomas J. Giblin
Direct Dial: 212.906.1232
Thomas.Giblin@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

Barcelona       Moscow
Beijing         Munich
Boston          New York
Brussels        Orange County
Century City    Paris
Chicago         Riyadh
Dubai           Rome
Düsseldorf      San Diego
Frankfurt       San Francisco
Hamburg         Seoul
Hong Kong       Shanghai
Houston         Silicon Valley
London          Singapore
Los Angeles     Tokyo
Madrid          Washington, D.C.
Milan

# LATHAM & WATKINS LLP

October 18, 2017

**VIA EMAIL & ECF**

Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: <u>*Gamero, et al. v. Koodo Sushi Corp, et al.*</u>, **15 Civ. 2697 (KPF)**

Dear Judge Failla:

      Defendants oppose Plaintiffs' October 13, 2017 letter motion for clarification (Dkt. 82) (the "Motion") of the Court's September 28, 2017 Opinion and Order (Dkt. 80) (the "Opinion"), and respectfully request that the Motion be denied.

      Although Plaintiffs ostensibly request "clarification" of the Court's damages calculations, the stated basis for this request is their assertion that the Court committed legal error when it calculated Plaintiffs' hourly wages, including overtime.  Thus, the Motion is actually a thinly veiled motion for reconsideration, and the Court is entitled to treat is as such.  *See Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ( "[T]he district court was within its discretion in characterizing the . . . 'resubmitted' motion to dismiss as in reality a motion for reargument").  Pursuant to Local Rule 6.3, a motion for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  U.S. Dist. Ct. Rules S.D.N.Y. & E.D.N.Y., Civ. Rule 6.3  It "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Ruiz v. Citibank, N.A.*, 10 Civ. 5950 (KPF), 2015 WL 4629444, at *1 (S.D.N.Y. Aug. 5, 2015) (citations omitted).[1]  However, that is precisely what Plaintiffs attempt to do here.  Plaintiffs have not—and indeed cannot— point to any matters the Court overlooked, nor can they point to any factual findings or legal

---

[1] The same standard would apply even if the Court were to consider the Motion as properly seeking clarification. *See United States v. Am. Soc'y of Composers, Authors and Publishers*, No. CIV.A 41-1395 (WCC), 323 F.Supp.2d 588, 589 n.1 (S.D.N.Y. 2004) ("Motions for clarification are governed by Local Civil Rule 6.3, which also governs motions for reargument, reconsideration and modification[.]").  And "[i]t is well established that 'Local 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Id.*

LATHAM&WATKINS LLP

conclusions in the Court's Opinion that are inconsistent with the Court's calculation of Plaintiffs' damages for unpaid wages.

The Court provided a detailed and accurate accounting for each Plaintiffs' damages for unpaid wages, *see* Opinion at 40-47, notwithstanding the facts that Plaintiffs neither established their hourly wages as a matter of "just and reasonable inference" at trial, *Hernandez v. Jrpac Inc.*, No. 14 Civ. 4176 (PAE), 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016) (citations omitted), nor raised the matter in their post-trial briefing, *see Met. Opera Ass'n, Inc. v. Local 100 Hotel Employees and Restaurant Employees Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y Aug. 27, 2004) (stating that "a motion for reconsideration does not mean the parties get a 'do over'"). As the Court noted, "under the FLSA and the NYLL, 'plaintiffs bear the burden of proof to establish all claims and damages by a preponderance of the evidence.'" Opinion at 22 (quoting *Tapia v. Blch 3rd Ave. LLC*, No. 14 Civ. 8529 (AJN), 2016 WL 4581341, at *4 (S.D.N.Y. Sept. 1, 2016)). Having failed to establish the wages they alleged, Plaintiffs should not now be able to reargue that issue.

Plaintiff Sanchez: At trial, Plaintiff Sanchez testified that he was paid a weekly wage as opposed to an hourly wage. *See* Trial Tr. at 27-28; *see also* Opinion at 2-3. The Court did not credit Plaintiff Sanchez's testimony, and instead found that he was paid by the hour. Opinion at 6, 16. The only testimony concerning Sanchez's hourly wage rate was provided by Defendant Michelle Koo, who testified that Plaintiff Sanchez was paid $7.25 per hour (*i.e.*, minimum wage) when he started working at Koodo Sushi in 2009. *See* Trial Tr. at 249, 251-52; *see also* Opinion at 16. Defendant Koo also testified that, on at least one occasion, she increased Plaintiff Sanchez's salary by 50 cents, and that at its peak, his salary was $9 per hour. *See* Trial Tr. at 261-62; *see also* Opinion at 16. There was no testimony, however, concerning when Plaintiff Sanchez's pay increase occurred. Thus, there was no reasonable basis upon which the Court could determine that he made more than minimum wage for any particular time period. In fact, it is possible that Plaintiff Sanchez did not earn $9 per hour until after his schedule was reduced to 20 hours per week beginning in December 2014. *See* Opinion at 15-16, 40 n.10. As the Court held (and Plaintiff Sanchez conceded), based on his reduced work schedule, Plaintiff Sanchez was not entitled to damages for work performed after that time. *See id.* at 40 n.10. Thus, contrary to Plaintiffs' assertion, the Court did not commit legal error in calculating Plaintiff Sanchez's damages based on the minimum wage. Accordingly, there is no need for the Court to "clarify" its already detailed damages calculation for his unpaid wages, and the Motion should be denied as to Plaintiff Sanchez.

Plaintiffs Gamero and Mastranzo: With respect to Plaintiffs Gamero and Mastranzo, the Motion fails to identify any "potential concerns" with the Court's damages rulings or explain why "clarity" is needed. On that basis alone, the Motion should be denied. Nonetheless, as with Plaintiff Sanchez, the Motion fails because the Court's damages calculations are clearly set out in the Opinion. Similar to Plaintiff Sanchez, Plaintiffs Gamero and Mastranzo testified that they were not paid an hourly wage, and were instead paid per shift or per week, respectively. Trial Tr. at 75, 121-22, 133; *see also* Opinion at 2-3. The Court discounted that testimony, and found that Defendants paid Plaintiff Gamero $5.00 per hour at all times, and Plaintiff Mastranzo $5.00 per hour when he made deliveries and minimum wage when he washed dishes. *See* Opinion at 3, 6-7, 16-17, 19, 20. The Court calculated Plaintiffs Gamero's and Mastranzo's damages based on

LATHAM&WATKINS LLP

the prevailing minimum wage after finding that Defendants were not entitled to take advantage of the tip or meal credits. Opinion at 44-47. Because the Court's findings expressly state the number of hours Plaintiffs worked and the hourly wage to which they were entitled, *id.*, there is nothing for the Court to "clarify" with respect to its damages calculations for unpaid wages.

For the reasons set forth above, Defendants respectfully request that the Motion be denied.

Respectfully submitted,

/s/ Thomas J. Giblin
Thomas J. Giblin
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)