# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 13, 2017

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 18, 2017

**BY ECF & ELECTRONIC MAIL**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   Gamero, et al. v. Koodo Sushi Corp., et al.,
        15 Civ. 2697 (KPF)

Your Honor:

I am an attorney with the office of Michael Faillace & Associates, attorneys for Plaintiffs in the above-referenced matter. Plaintiffs write to respectfully request the Court clarify its September 28, 2017 Opinion and Order by making the Court's calculation of damages available to the parties to the extent it exists in spreadsheet form. Defendants oppose this request.

Plaintiffs' request is necessary to clarify potential concerns relating to the Court's calculation of damages in this matter. In sum, Plaintiffs believe the Court made legal error in calculating the Plaintiffs' regular rates of pay in its damages calculations. As an example, the Court found that Plaintiff Sanchez's lawful wages were $414.00 per week from January 1, 2014 until the end of 2014. *See* the Trial Court 's decision at 41. Applying the NYLL minimum wage and overtime requirements for that time period, it is unclear to counsel how the Court reached its $414.00 lawful weekly pay calculation. The Court found that Sanchez was earning a regular rate of $9.00 per hour "at his peak" and otherwise appeared to find facts that his regular rate of pay was higher than the minimum wage for periods of his employment. Id. at 16. Unless the Court calculated he was being paid at a rate below the minimum wage, the appropriate lawful pay for Plaintiff Sanchez would not be calculated in reference solely to the minimum wage but the appropriate lawful overtime pay at his calculated regular rate. *See* 29 U.S.C. § 207(2)(C); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2013); *see also* 29 C.F.R. § 778.109; 29 U.S.C. § 207(e).

Similar issues appear present in the Court's calculations of lawful wages as to the other Plaintiffs. Access to the Court's specific calculations would greatly clarify the record.

Plaintiffs raised their concerns about the Court's calculation of damages to Defendants' counsel on October 2, 2017. After investigation, on October 11, 2017 Defendants' counsel informed the undersigned they believe the Court's Opinion and Order to be correct, and oppose any motion for reconsideration or clarification on that basis.

*Certified as a minority-owned business in the State of New York*

Page 2

       In light of the above, Plaintiffs respectfully request the Court clarify its September 28, 2017 Opinion and Order by the making the Court's calculation of damages available to the parties to the extent it exists in spreadsheet form. Plaintiffs are also available to make this request in the form of a formal motion in the event that a letter motion is inadequate. Plaintiffs thank the Court for its attention to this matter.


                                                Respectfully Submitted,


                                                _____/s/_____

                                                Shawn Clark

                                                Michael Faillace & Associates, P.C.

                                                *Attorneys for Plaintiff*


cc:

Thomas J. Giblin (By ECF)

*Attorney for Defendants*


Application DENIED.  The Court's September 28, 2017 Opinion and Order set forth in detail the calculations the Court used to determine Plaintiffs' damages.  (*See, e.g.*, Dkt. #80, at 40-42).  Plaintiffs appear to assume that the Court accepted fully their testimony about their wages.  The Court did not.  Instead, it calculated the minimum wages Plaintiffs were due under the NYLL, then compared those figures with the actual amounts Plaintiffs were paid according to the documentary evidence Defendants submitted.  In their Proposed Findings of Fact and Conclusions of Law, Plaintiffs argued that a court adjudicating an FLSA case "may award damages to [an] employee, even though the result be only approximate."  (Dkt. #75, at 10).  The Court's damages calculations reflect that mandate -- and they also reflect the entirety of the documentary record admitted at trial.

Dated:    October 18, 2017         SO ORDERED.

            New York, New York


                                        HON. KATHERINE POLK FAILLA

                                        UNITED STATES DISTRICT JUDGE