UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISRAEL GAMERO, NORBERTO MASTRANZO
AND OSCAR SANCHEZ, *individually and on behalf*      15-cv-02697 (KPF)
*of others similarly situated,*

                                              *Plaintiffs*,

      -against-

KOODO SUSHI CORP. (d/b/a KOODO
SUSHI), RAYMOND KOO and MICHELLE
KOO,

                                             *Defendants*.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES, AND COSTS**

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
*Attorneys for Plaintiff*

Preliminary Statement

As the prevailing party in this action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law, Plaintiffs are entitled to reasonable fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Having prevailed on seven of the nine claims brought in this action, Plaintiffs now move for reasonable attorneys' fees and costs in the total amount of $48,317.50 as set forth below and recorded in the form of Michael Faillace & Associates, P.C.'s standard billing sheet, annexed to the Declaration of Shawn Clark ("Clark Dec.") as Exhibit A. Plaintiffs' requested attorney's fee award represents a twenty-five percent reduction from the fees accumulated in our Firm's standard billing sheet, which amount to $56,871.25. *Id*. As per Your Honor's instruction, Plaintiffs have conferred with Defendants in order to potentially avoid the need for this fee motion, however Defendants have communicated that they cannot agree to a fee award of over $5,000.00 for this action that was litigated through discovery and trial for over a year.

Argument

### I. PLAINTIFFS ARE THE PREVAILING PARTIES IN THIS LITIGATION AND THEREFORE ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiff] to recover . . . reasonable attorneys' fees and costs." *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1). Plaintiffs are the prevailing party for the purposes of the NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit

the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

In the Second Circuit, awards of attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 & n.4 (2d Cir. 2008). Under this approach, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables, and then multiplies the rate times the number of hours reasonably expended to calculate the "presumptively reasonable fee." *Id.* at 190; *see Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007).

A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In setting this rate, a court is to consider the traditional factors enumerated in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary-hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). The court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and consider that the client "might be able to negotiate with his or her attorneys, using

2

their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 186.

Some of the *Johnson* factors "are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.l (S.D.N.Y. 2008). There is no proportionality requirement in the Second Circuit, so long as "a party [sic] has established his entitlement to some relief on the merits of his claims. *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 484 F.3d 162 (2d Cir 2004). The Courts have "rejected a per se proportionality rule, i.e., proportionality linking the prevailing party's attorneys' fees to the degree of monetary success achieved." *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F.Supp.2d 507, 512 (S.D.N.Y. 2010). Here, and as set forth below, Plaintiffs' fee request is reasonable.

## II. THE HOURLY RATES REQUESTED FOR PLAINTIFF'S COUNSEL ARE REASONABLE.

Plaintiff is seeking hourly rates of $450.00 for Attorney Michael Faillace; $375.00 for Attorney Shawn Clark; $375.00 for Attorney Raquel Gutierrez; and $350.00 for Attorney Marisol Santos. These rates are the hourly rates typically charged to clients of Michael Faillace & Associates, P.C., and are reasonable and appropriate to the level and skill of the attorneys who have represented Plaintiffs. To assess the reasonable rate, the Court should consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The Court may also rely on its

3

knowledge of private firms' hourly rates. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

The attorneys involved in this case are at the highest level of their profession and are well deserving of the requested rates.

**Michael Faillace**, partner at Michael Faillace & Associates, P.C., is requesting an hourly rate of $450.00. This is the hourly rate he actually bills and charges for work that is billed and paid on an hourly basis. Attorney Faillace has a decade of experience litigating employment actions in the federal courts. Prior to forming the firm, Mr. Faillace worked for seventeen years as an in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace has also taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998. Mr. Faillace is a nationally-renowned speaker and writer on employment law. He is the author of the best-selling treatise on the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI). Attorney Faillace graduated with a Juris Doctor and Masters in Public Administration from Harvard Law School and the Kennedy School of Government in 1983, and an L.L.M. in Labor and Employment Law from New York University School of Law in 1999. Work performed by Faillace is indicated with the initials "MF."

**Shawn Clark**, litigation associate at Michael Faillace & Associates, is requesting an hourly rate of $375.00. A seventh-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John

Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. His responsibilities involved all aspects of case management from responsive pleadings to trial, including serving and responding to paper discovery, depositions, and motion practice. Since joining Michael Faillace & Associates, P.C. in February 2014, Attorney Clark has been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual, collective, and class action litigations under the FLSA. He has been selected as a Super Lawyers Rising Star yearly since 2015 for his successes in litigation.  Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.  Work performed by Clark is indicated by the initials "SC."

**Raquel A. Gutiérrez**, former litigation associate at Michael Faillace & Associates, graduated from Fordham Law School in 2011.  Following law school she practiced in the Kings County District Attorney's Office for three years cultivating a background in criminal litigation. After joining Michael Faillace & Associates, P.C. in February 2015 she was been responsible for

5

all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual and collective action litigations under the FLSA. She is presently an associate at the law firm of Fox Rothschild, LLP. Work performed by Gutierrez is indicated by the initials "RQ."

**Marisol Santos** is an associate at Michael Faillace & Associates, P.C. She graduated from Fordham Law School in 2013. Following law school, she has cultivated a specialization in employment law. Prior to joining Michael Faillace & Associates, P.C. she worked as a wage and hour litigation associate at New York firm, where she successfully represented small business owners and employees. Since joining Michael Faillace & Associates in October 2016, she has been responsible for all aspects of the firm's employment docket in federal court. Work performed by Santos is indicated by the initials "MS."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"); *Najera v. 144 Ninth Gotham Pizza, Inc.*, Index No. 12-cv-3133 (DLC) (S.D.N.Y. February 24, 2017) (awarding requested rates to Faillace and Clark, finding rates "reasonable given the complexity of this litigation and the favorable results obtained"). Although some cases have declined to award attorneys from Michael Faillace & Associates, P.C. their requested rates, *see id.* (citing *Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015)), the rates are justified here, as they were in *Perez*, by the quality of work performed by Plaintiffs' attorneys. Nevertheless, in the interest of avoiding protracted fee issues, Plaintiffs are

6

seeking attorney's fees representing an across-the-board reduction of twenty-five percent of the fees accrued in Exhibit A.

### III. PLAINTIFF'S COUNSEL EXPENDED A REASONABLE AMOUNT OF TIME ON THIS CASE AND SHOULD BE COMPENSATED FOR IT

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa*, Inc.,2012 U.S. Dist. LEXIS 67058 at *13 (S.D.N.Y. May 14, 2012). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted); *accord Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 U.S. Dist. LEXIS 76543, 2006 WL 2946472, at *5 (S.D.N.Y. Feb. 27, 2006), *report & rec. adopted*, 2006 U.S. Dist. LEXIS 76540, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). The Court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also rely on its own experience with the case, as well as its experiences with similar submissions and arguments as additional support. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). *But see Scott*, 643 F.3d at 58 ("award based entirely on the district court judge's personal observation and opinions of the applying attorney . . . is contrary to *Carey*").

Ultimately, "[m]ultiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer." *Id*. (citations omitted).

Plaintiffs request compensation for 148.6 hours of billed time. Here, Plaintiffs' request for compensation for hours of time is eminently reasonable. This matter was litigated for over a year and Plaintiffs prevailed on multiple claims follow a multi-day trial. Plaintiffs success comes after extensive discovery, including multiple depositions of party and non-party witnesses. Plaintiffs' billed time is especially efficient in light of the fact that the Plaintiffs in this case only speak Spanish, requiring translation services for several of the lawyers who worked on this case and necessarily requiring additional time expended on this action for which Plaintiffs are not seeking special compensation.

Far smaller recoveries than the one here have supported the award of statutory fees far in excess of those sought herein. *See*, *e.g., Barfield v. New York City Health and Hosp. Corp.,* 537 F.3d 132 (2d Cir. 2008) ($49,889 in attorney fees awarded in FLSA action following summary judgment in the amount of $1,600).  A court should consider the degree of success obtained in determining fees, *see Id.* at 152; *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005); *Pino v. Locascio*, 101 F.3d 235, 237-38 (2d Cir. 1996). At the same time, the simple disproportion between a plaintiff's recovery and the fee applied for is not a proper basis for a reduction in an otherwise reasonable fee. *See Kassim*, 415 F.3d at 252. This is particularly so where, as here, opposing counsel waged a lengthy defense which expanded the time required to pursue even straightforward claims. *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470 (S.D.N.Y. 2009) (awarding attorney's fees of $93,172.75 following acceptance of offer of judgement of $36,000.00 in an FLSA and NYLL case); *Hine v. Mineta,* 253 F. Supp. 2d 464, 467 (E.D.N.Y. 2003) (finding "strong presumption that the 'lodestar' calculation represents the

'reasonable' fee, even when that calculation is disproportionate to the amount of damages awarded to the successful plaintiff").

In total, Plaintiffs request attorneys' fees of $42,653.44.

### IV.     PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF THEIR COSTS

As a prevailing party, Plaintiff is entitled to reasonable costs. The law is clear that a prevailing plaintiff in an FLSA case is entitled to "costs of the action." 29 U.S.C. § 216(b); *see also Santillan v. Henao*, 822 F. Supp.2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA … is entitled to recover costs from the defendant."); *Smith v. Nagai*, No. 10 Civ. 8237 (PAE) (JCF), 2012 U.S. Dist. LEXIS 89352, 2012 WL 2421740, at *6 (S.D.N.Y. May 15, 2012) (noting documented costs "are fully compensable under the FLSA"), *report & rec. adopted*, 2012 U.S. Dist. LEXIS 89353, 2012 WL 2428929 (S.D.N.Y. June 27, 2012); *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ("Fee awards include 'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.') (*quoting LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted)). Plaintiff seeks costs associated with court filings,[1] translation services, deposition transcripts, and trial reporting in this action, as documented in Exhibits B through E to the Clark Declaration. These costs total to $5,666.06.

---

[1] Plaintiffs request the Court take judicial notice of the filing fee in this District.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs an award of attorneys' fees in the amount of $42,653.44 and costs of $5,665.06 for a total of $48,317.50, as set forth in the Clark Declaration.

Dated:  New York, New York
         October 25, 2017

                                              Respectfully submitted,

                                              /s/ Shawn R. Clark
                                            Shawn R. Clark, Esq.
                                            MICHAEL FAILLACE & ASSOCIATES, P.C.
                                            60 East 42nd Street, Suite 2540
                                            New York, NY 10165
                                            (212) 317-1200
                                            sclark@faillacelaw.com
                                            *Attorneys for Plaintiff*