UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL GAMERO, NORBERTO MASTRANZO
AND OSCAR SANCHEZ, individually and on behalf
of others similarly situated,

                        Plaintiffs,

     -against-

KOODO SUSHI CORP. (d/b/a KOODO SUSHI),
RAYMOND KOO and MICHELLE KOO,

                        Defendants.

15 Civ. 2697 (KPF) (SN)

**KOODO SUSHI CORP. AND MICHELLE KOO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................3

LEGAL STANDARD....................................................................................................................4

ARGUMENT..................................................................................................................................7

    I.     THE HOURLY RATES REQUESTED BY PLAINTIFFS ARE UNREASONABLE ...........................................................................................7

    II.    THE HOURS BILLED BY PLAINTIFFS' COUNSEL ARE UNREASONABLE ...........................................................................................9

    III.   PLAINTIFFS' FEES REQUEST SHOULD BE FURTHER REDUCED FOR LACK OF SUCCESS ..................................................................................12

    IV.   PLAINTIFFS' COSTS REQUEST SHOULD BE REDUCED ............................14

CONCLUSION.............................................................................................................................14

# TABLE OF AUTHORITIES

**CASES**                                                                                           **Page(s)**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*,
    522 F.3d 182 (2d Cir. 2008) ................................................................................... 5, 6, 12

*Barfield v. New York City Health & Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008) ................................................................................... 6, 13

*Bliven v. Hunt*,
    579 F.3d 204 (2d Cir. 2009) ................................................................................... 5

*Bond v. Welpak Corp.*,
    15-CV-2403 (JBW) (SMG), 2017 WL 4325819 (E.D.N.Y. Sept. 26, 2017) ........... 6

*Cho v. Koam Med. Servs. P.C.*,
    524 F. Supp. 2d 202 (E.D.N.Y. 2007) ................................................................... 9, 10

*Clark v. New York City Health & Hosps. Corp.*,
    No. 10 Civ. 8046 (SAS), 2011 WL 10563693 (S.D.N.Y. Aug. 24, 2011) .............. 13

*Ehrlich v. Royal Oak Fin. Servs., Inc.*,
    No. CV-12-3551 (BMC), 2012 WL 5438942 (E.D.N.Y. Nov. 7, 2012) ................. 7

*Francois v. Mazer*,
    523 F. App'x 28 (2d Cir. 2013) .............................................................................. 9

*Gierlinger v. Gleason*,
    160 F.3d 858 (2d Cir. 1998) ................................................................................... 7

*Gortat v. Capala Bros., Inc.*,
    621 F. App'x 19 (2d Cir. 2015) .............................................................................. 5

*Guo v. Tommy's Sushi, Inc.*,
    14 Civ. 3964, 2016 WL 452319 (S.D.N.Y. Feb. 5, 2016) ...................................... 9

*Hardaway v. Ridgewood Corp.*,
    706 F. Supp. 2d 436 (S.D.N.Y. 2010) .................................................................... 6, 12

*Harris v. Fairweather*,
    No. 11 Civ. 2152 (PKC) (AJP), 2012 WL 3956801 (S.D.N.Y. Sept. 10, 2012),
    R. & R. adopted, 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012) ............................. 11, 12

*Healey v. Leavitt*,
    485 F.3d 63 (2d Cir. 2007) ..................................................................................... 5

*Hensley v. Eckerhart*,
    103 S. Ct. 1933 (1983)..........................................................................................6, 7

*Hernandez v. JRPAC Inc.*,
    14 Civ. 4176 (PAE), 2017 WL 66325 (S.D.N.Y. Jan. 6, 2017) ...........................................7, 8

*Herrara v. 12 Water St. Gourmet Café*,
    13-CV- 4370, 2016 WL 1274944 (S.D.N.Y. Feb. 29, 2016), R. & R. adopted
    2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016) ......................................................9, 10

*Ibarra v. HSCS Corp.*,
    No. 10 Civ. 5109 (KBF), 2012 WL 3964735 (S.D.N.Y. Sept. 10, 2012) ..........................12, 13

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ................................................................................5, 10

*Kahlil v. Original Old Homestead Rest., Inc.*,
    657 F. Supp. 2d 470 (S.D.N.Y. 2009).................................................................13, 14

*Kassim v. City of Schenectady*,
    415 F.3d 246 (2d Cir. 2005)..................................................................................13

*Kirsch v. Fleet St., Ltd.*,
    148 F.3d 149 (2d Cir. 1998)..................................................................................10

*LeBlanc–Sternberg v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998)..................................................................................14

*Maldonado v. La Nueva Rampa, Inc.*,
    10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341 (S.D.N.Y. May 14, 2012)............................5, 7

*Penafiel v. Rincon Ecuatoriano, Inc.*,
    15 Civ. 112 (PAE), 2015 WL 7736551 (S.D.N.Y. Nov. 30, 2015)..........................................8

*Portillo v. New Ko-Sushi Japanese Rest., Inc.*,
    No. 16-CV-2429 (JMF), 2017 WL 3995602 (S.D.N.Y. Sept. 8, 2017) .........................7, 8, 11

*Quiroz v. Luigi's Dolceria, Inc.*,
    14-CV-871 (VVP), 2016 WL 6311868 (E.D.N.Y. Oct. 28, 2017).........................................7, 8

*Rozell v. Ross-Holst*,
    576 F. Supp. 2d 527 (S.D.N.Y. 2008)...................................................................5, 6

*Saunders v. City of New York*,
    No. 07 Civ. 830 (SAS), 2009 WL 4729948 (S.D.N.Y. Dec. 9, 2009).......................................6

*Sevilla v. Nekasa Inc.*,
    16 Civ. 2368 (AJP), 2017 WL 1185572 (S.D.N.Y. Mar. 30, 2017) ..............................5, 10, 11

*Siegel v. Bloomberg L.P.*,
    13-CV-1351 (DF), 2016 WL 1211849 (S.D.N.Y. Mar. 22, 2016) ........................................6, 12

*Trinidad v. Pret a Manger (USA) Ltd.*,
    No. 12 Civ. 6094 (PAE), 2014 WL 4670870 (S.D.N.Y. Sept. 19, 2014)..................................7

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*,
    14-CV-10234 (JGK) (JLC), 2016 WL 4704917 (S.D.N.Y. Sept. 8, 2016), R &
    R adopted 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).......................................................6, 11

*Young v. Cooper Cameron Corp.*,
    586 F.3d 201 (2d Cir. 2009)......................................................................................................4

## STATUTES

29 U.S.C.
    § 201 et seq. (Fair Labor Standards Act) .....................................................................1, 3, 4, 7
    § 216(b) ..................................................................................................................................1, 4

N.Y. Lab. Law
    § 195(1)......................................................................................................................................4
    § 195(3)......................................................................................................................................4
    § 198(1-a)..................................................................................................................................1
    § 663(1)......................................................................................................................................4

**PRELIMINARY STATEMENT**

A plaintiff who prevails on claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law ("NYLL") is entitled to recover reasonable attorney's fees and costs.  29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a).  However, for a host of reasons, the fees and costs Plaintiffs have requested in this action are far from reasonable.

*First*, the hourly rates requested by Plaintiffs far exceed the rates that courts have determined to be reasonable for attorneys at Michael Faillace & Associates, P.C. (the "Faillace Firm") in the past, including the rates awarded for work performed by the specific attorneys who have worked on this case.  Their rates should be reduced in line with precedent.

*Second*, Plaintiffs cannot justify the number of hours for which they seek compensation.  As has been the case in numerous other cases involving the Faillace Firm, many of their time entries are vague, duplicative, or reflect work spent on administrative tasks.  These are exactly the types of time entries to which a paying client would object, and such deficiencies justify a reduction of the total number of compensable hours.

*Third*, and perhaps more troubling, is the disproportion of the hours billed to the quality and quantity of the Faillace Firm's work in this case.  For a firm that specializes in wage and hour litigation, the issues were not novel or complex.  Indeed, Plaintiffs' primary claims were based on two factual issues common to nearly every wage and hour litigation: the number of hours Plaintiffs worked, and the amount they were paid.  Perhaps that explains why Plaintiffs' attorneys appeared to expend minimal effort prosecuting this action, seemingly content to rely on recycled form documents, slightly modified to fit the facts of the case.  For instance, Plaintiffs' direct examination appeared to consist of counsel reading from an identical set of questions for each of the three Plaintiffs, as if filling out an intake questionnaire.  Even so, many of the

1

questions were impermissibly leading, and the Court sustained several objections on that basis. Plaintiffs' counsel was similarly lackadaisical throughout trial—in one instance, failing to respond to a trial subpoena issued at the end of the first day of testimony. Counsel's limited efforts to prepare for trial and their performance at the proceedings resulted in adverse findings by the Court with respect to their witnesses' credibility.

*Fourth*, despite purporting to command above-market hourly rates and devoting an excessive number of hours to this litigation, Plaintiffs achieved what amounted to a near total lack of success on their claims. Having sought $487,937.06 in damages, Plaintiffs were awarded only $24,937.12 (*i.e.*, approximately 5 percent). Op. at 2. Moreover, $10,000 of that recovery (related not to unpaid wages but to the distribution of statutorily required notices) pertained to claims on which Defendants conceded liability. Given the nominal recovery on the other wage and hours claims, Plaintiffs are hard-pressed to characterize their "win" as a "success." Indeed, they apparently do not consider the litigation to have been successful, as they have appealed the judgment.

*Finally*, although Plaintiffs' request for costs is more measured than their request for fees, it nonetheless seeks duplicative amounts. It should be reduced by the $1,500 fee paid to the second of two Spanish-language interpreters Plaintiffs hired to attend the trial proceedings. At no time were both actively translating, and there is no reason for Defendants to shoulder yet another duplicative expense incurred by Plaintiffs.

Accordingly, a substantial reduction in Plaintiffs' requested fee and cost award is warranted. Defendants respectfully submit that the Court should award Plaintiffs an amount that does not exceed $8668.50 in attorneys' fees and $4,165.06 in costs. Defendants' calculations are explained below as well as in the spreadsheet attached as Appendix A.

**STATEMENT OF FACTS**

Plaintiffs filed FLSA and NYLL wage and hours claims against Koodo Sushi Corp. and its owner, Michelle Koo (together, "Defendants"),[1] in April 2015.  Compl. at 1.  After a period of intermittent settlement negotiations, the case proceeded through limited discovery in August 2016 and a three day bench trial in October 2016.  *Id.* at 2; S. Clark Decl., Ex. A (Dkt. 87-1).  Each Plaintiff asserted nine causes of action, including for failure to provide statutorily-required statements and notices, failure to reimburse Plaintiffs for purchases of tools of the trade, and violation of tip-withholding regulations.  However, the bulk of the trial focused on Plaintiffs' claims that they were underpaid for the work they performed.  In total, Plaintiffs sought damages of $487,937.06.

At trial, Plaintiffs' case-in-chief consisted entirely of the Plaintiffs' direct testimony.  Counsel asked each Plaintiff a nearly identical set of questions, *see, e.g.*, Tr. at 32:18-19; *cf. id.* at 86:2-3; 134:9; *see also id.* at 21:16-17; *cf. id.* at 75:23-24; 121:24-25, many of which drew sustained objections for leading, *see, e.g.*, *id.* at 25:4-5 (Court objecting to Plaintiffs' counsel's leading); *id.* at 121:1-3 (same); *id.* at 122:24-123:3 (same).  On cross-examination, Plaintiffs' credibility was called into question on several occasions.  *See, e.g.*, *id.* at 115:7-8 ("Your client has been less than credible this afternoon").

Plaintiffs' counsel was also unresponsive to the Court and defense counsel after the trial day had ended.  On such one occasion, Plaintiffs' counsel failed to respond to a validly issued trial subpoena—displaying a disregard for basic rules of civil practice.  *See id.* at 127:5-132:2

---

[1] The parties stipulated in advance of trial that Raymond Koo, an individual initially named as a defendant in this action, "does not [participate] and has not participated in the ownership, operation, or control of Koodo Sushi."  Op. at 1 n.1 (citing Joint Pretrial Order (Dkt. 62)).  The Court found that Plaintiffs had "abandoned any claims they once asserted against Raymond Koo."  *Id.*

("THE COURT: I didn't hear from you anything about an application to quash. Even as of this morning, I have no written anything from you on this issue. So there was time at the very least to give me some written indication of your opposition to this subpoena and I have no such thing.").

The parties simultaneously submitted findings of fact and conclusions of law on January 13, 2017. In their submissions, Defendants conceded that they had not complied in certain respects with NYLL §§ 195(1) and 195(3), and that Plaintiffs were entitled to $10,000 in statutory damages for those violations. Defs.' Mem. of Law at 40 n.37 (Dkt. 77).

On September 28, 2017, the Court issued its Opinion & Order, awarding the Plaintiffs $24,937.12. In addition to the $10,000 in statutory damages on which Defendants had conceded liability, the Court found that Plaintiffs were owed $8,514.65 for unpaid wages. (The remainder of the verdict consisted of liquidated damages.) Op. at 61. This award stands in stark contrast to the $155,997.84 in unpaid wages that Plaintiffs claimed they were owed. *See* Pls.' Proposed Findings of Fact and Conclusions of Law, Ex. A at 1 (Dkt. 75-1). Plaintiffs' nominal award is unsurprising in light of the Court's findings, which among other things include that Plaintiffs were not credible, and that at least one had "perjured himself." Op. at 47; *see also id.* at 3. Plaintiffs appealed. Pls.' Notice of Appeal (Dkt 85).[2]

## **LEGAL STANDARD**

Under the FLSA and NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009). Generally, "[i]n determining a fee award, the typical starting point

---

[2] As instructed by the Court, *see* Op. at 62, the parties attempted to reach an agreement on the appropriate amount of attorneys' fees. Defendants do not wish to rehash those negotiations in this forum, and simply note that their most recent offer, though reasonable under the circumstances, was not intended to be final.

4

is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). The reasonable hourly rate and the reasonable amount of hours expended are determined through an analysis of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, which, among other things, include: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he amount involved and the results obtained"; and "[a]wards in similar cases[.]" *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22–23 (2d Cir. 2015) (quoting *Johnson*, 488 F.2d 714 (5th Cir. 1974)); *see also Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.1 (S.D.N.Y. 2008).

A reasonable hourly rate is the rate a paying client would be willing to pay, with the qualification that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). In determining whether the number of hours billed is reasonable, "the court takes account of claimed hours that it views as excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal citation omitted). If the Court determines that any billed time was not reasonably necessary to the outcome of the litigation, it should reduce the compensable time accordingly. *Sevilla v. Nekasa Inc.*, 16 Civ. 2368 (AJP), 2017 WL 1185572, at *6 (S.D.N.Y. Mar. 30, 2017). In lieu of making minute-by-minute adjustments to individual timekeeping entries, "a court may make across-the-board percentage cuts in the number of hours claimed, as a practical means of trimming the fat from a fee application." *Maldonado v. La Nueva Rampa, Inc.*, 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *14 (S.D.N.Y. May 14, 2012).

However, particularly in awarding statutory attorneys' fees, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward . . . ." *Hensley v. Eckerhart*, 103 S. Ct, 1933, 1940 (1983); *see also Arbor Hill*, 522 F.3d at 186 ("[T]he lodestar method involved two steps: (1) the lodestar calculation; and (2) adjustment of the lodestar based on case-specific considerations."); *Rozell*, 576 F. Supp. 2d 527, 537 n.1 (S.D.N.Y. 2008). "The most critical factor in a district court's determination of what constitutes reasonable attorneys' fees in a given case is the degree of success obtained by the plaintiff," and attorneys' fees may be reduced across-the-board to reflect a lack of success." *Siegel v. Bloomberg L.P.*, 13-CV-1351 (DF), 2016 WL 1211849, at *8 (S.D.N.Y. Mar. 22, 2016) (quoting *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quotation marks omitted)); *Bond v. Welpak Corp.*, 15-CV-2403 (JBW) (SMG), 2017 WL 4325819, at *7 (E.D.N.Y. Sept. 26, 2017) (finding that "an across-the-board reduction is warranted because the recovery achieved by the prevailing plaintiffs was so limited compared to the relief sought in the complaint."). An across-the-board reduction is applied in addition to reductions applied as part of the reasonable fee calculation. *Saunders v. City of New York*, No. 07 Civ. 830 (SAS), 2009 WL 4729948, at *7 (S.D.N.Y. Dec. 9, 2009) ("[G]iven the current attorneys' fees jurisprudence established by the Supreme Court and the Second Circuit, the Johnson factors are to be used in setting reasonable hourly rates but the resulting 'presumptively reasonable fee' is subject to further reduction due to, *inter alia*, plaintiffs' limited success."); *Hardaway v. Ridgewood Corp.*, 706 F. Supp. 2d 436, 438 (S.D.N.Y. 2010). Ultimately, a court's discretion to set a fee award is broad. *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *19 (S.D.N.Y. Sept. 8, 2016), R & R adopted 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).

**ARGUMENT**

I.  **THE HOURLY RATES REQUESTED BY PLAINTIFFS ARE UNREASONABLE**

"To assess the reasonable rate, the Court considers the prevailing market rates 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Maldonado*, 2012 WL 1669341, at *12 (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). "The burden is on the party moving for attorney's fees to justify the hourly rate sought." *Ehrlich v. Royal Oak Fin. Servs., Inc.*, No. CV-12-3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7, 2012) (citing *Hensley*, 461 U.S. at 437). The hourly rates requested for Michael Faillace, Shawn Clark, Raquel Gutierrez, and Marisol Santos are excessive, and do not reflect the prevailing market rate for comparable attorneys.

With respect to Mr. Faillace, the requested rate of $450 per hour is not supported by case law and is inconsistent with rates he has been awarded this year. *First*, courts in this district typically approve hourly rates of $300 to $400 for partners in FLSA cases. *See Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases). *Second*, a number of courts in this Circuit have reduced Mr. Faillace's requests for $450 per hour. *See, e.g., Portillo v. New Ko-Sushi Japanese Rest., Inc.*, No. 16-CV-2429 (JMF), 2017 WL 3995602, at *1 (S.D.N.Y. Sept. 8, 2017) (applying $400 per hour rate for Mr. Faillace); *Hernandez v. JRPAC Inc.*, 14 Civ. 4176 (PAE), 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017); (same); *Quiroz v. Luigi's Dolceria, Inc.*, 14-CV-871 (VVP), 2016 WL 6311868, at *3-4 (E.D.N.Y. Oct. 28, 2017) (applying rate of $350 per hour). This case consisted of straightforward wage and hours claims, and did not present complex or novel questions that could potentially command a higher rate. Accordingly, the Court should use an hourly rate of no greater than $350 per hour for Mr. Faillace.

With respect to Mr. Clark and Ms. Gutierrez, "the $375 per hour rate that plaintiffs propose to use [is] higher than the case law supports," and higher than rates they have been awarded this year. *Hernandez*, 2017 WL 66325, at *3 (requesting "that, in future cases, the Firm alert reviewing courts to *all* recent cases in which attorneys' fees have been awarded based on the work of the relevant attorneys, including cases in which an hourly billing rate below that requested in the case at hand has been used" (emphasis in original)). The rates requested for Mr. Clark and Ms. Guitierrez are also disproportionate to their level of experience, as they have only "worked on wage-and-hour cases since February 2014 and February 2015, respectively." *Id.* Thus, courts in this Circuit have reduced their hourly rates accordingly. *Id.* (reducing hourly rates for Mr. Clark and Ms. Guitierrez by $125 per hour in a wage-and-hour case that involved a three-day bench trial); *Penafiel v. Rincon Ecuatoriano, Inc.*, 15 Civ. 112 (PAE), 2015 WL 7736551, at *3 (S.D.N.Y. Nov. 30, 2015) (reducing rate for Ms. Guitierrez from $375 per hour to $175 per hour); *Quiroz,* 2016 WL 6311868, at *3-4 (reducing Mr. Clark's requested rate by $175 after observing that "Clark had been at the [Faillace] firm handling employment matters for only a year or so" when he worked on the case, which "was as straightforward as any that have come before the court, requiring very little legal or factual analysis and presenting no unique or unusual legal issues"). Accordingly, the Court should use an hourly rate of no greater than $175 for Mr. Clark and Ms. Guitierrez.

For the same reasons, Ms. Santos' requested hourly rate of $350 is also unreasonable. *See Portillo*, 2017 WL 3995602, at *1 (reducing Ms. Santos' rate after finding the requested rate to be unreasonable). In addition, because it is unclear exactly how many years of experience Ms. Santos has with wage and hour litigation or as a practicing attorney, Plaintiffs have failed to

8

provide sufficient information for the Court to determine a reasonable rate for Ms. Santos. Therefore, the Court should use an hourly rate of no greater than $150 for Ms. Santos.

## II. THE HOURS BILLED BY PLAINTIFFS' COUNSEL ARE UNREASONABLE

In addition, the Court should apply a 40% reduction to the number of hours billed by Plaintiffs' counsel based on the nature and quality of their work, as reflected in part by the time entries submitted in connection with Plaintiffs' fee application. Such a reduction is particularly appropriate here because counsel provided unreasonably vague time entries, apparently spent their time inefficiently, performed duplicative work, and billed for purely administrative tasks. In addition, the number of hours counsel billed is wholly disproportionate to the quality of their performance. In analogous circumstances, courts routinely apply similar reductions. *See, e.g.*, *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (affirming "a 40% across-the-board reduction of the number of hours submitted and substantial[] reduc[tion of] the hourly rate charged by plaintiff's counsel"); *Herrara v. 12 Water St. Gourmet Café*, 13-CV-4370, 2016 WL 1274944, at *13 (S.D.N.Y. Feb. 29, 2016) ("Given the relative simplicity of the underlying dispute and the brief period during which this dispute was ongoing, an across-the-board reduction of forty percent (40%) is fair and reasonable."), R. & R. adopted, 2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016); *Guo v. Tommy's Sushi, Inc.*, 14 Civ. 3964, 2016 WL 452319, at *7 (S.D.N.Y. Feb. 5, 2016) (applying a 40% across-the-board reduction); *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209-10 (E.D.N.Y. 2007) (applying a 40% across-the-board reduction).

*First*, Plaintiffs' bill is replete with entries such as "Review of Case Mats," "Conference & Prep," and "Research." S. Clark Decl., Ex. A at 1, 3. Those billing entries are too vague to provide insight into the efficiency or necessity of those tasks, and do not sufficiently demonstrate

9

the actual work counsel performed.  See *Sevilla*, 2017 WL 1185572, at *6; *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (approving percentage-based reduction in fees for vague billing entries); *Cho*, 524 F. Supp. 2d at 209 ("[M]any of the time records contain vague explanations of the work performed," including "many entries that describe the work performed as 'review case issues' or 'confer re case strategy issues.'  These entries are not sufficiently specific to permit the Court to determine whether the attorneys spent their time on reasonably necessary tasks much less efficiently.").

*Second*, a reduction should be applied when multiple attorneys performed work that could have been competently completed by one attorney.  See *Herrara*, 2016 WL 1274944, at *13 ("The Second Circuit has held that across-the-board percentage reductions are appropriate where a case is overstaffed, resulting in needless duplication of work and retention of unnecessary personnel"); *Johnson*, 488 F.2d at 717 ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized.  The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.").  This is the case here.  Both Ms. Santos and Mr. Clark billed time for various tasks that could have been easily handled by one attorney.  For example, both of them attended non-party witness depositions on October 10, 2017, and all three days of trial on October 17, 18 and 20.  See S. Clark Decl., Ex. A at 3-4.  Their duplicative entries constitute approximately 14% of the hours that appear on Plaintiffs' counsel's bill and should not be recoverable.  See *Cho*, 524 F. Supp. 2d at 209-10 ("[P]laintiffs had multiple attorneys attend court conferences and the one-day trial, where one would have been more than adequate. . . . [I]t would not be fair to make defendants bear the costs of such training.").  Plaintiffs' request should

10

also be reduced to account for the time spent transitioning the case to Mr. Clark after Ms. Gutierrez left the Faillace Firm.

*Third*, Plaintiffs' counsel's fees should be reduced based on their excessive billing and inexact timekeeping, which appears to be a long-running issue with the Faillace Firm. *See, e.g.*, *Sevilla*, 2017 WL 1185572, at *8 (reducing fees where "the Court finds that eight hours spent on a routine FLSA/NYLL complaint is excessive, particularly for a law firm that routinely handles such cases" and where "all of Clark's time entries are for hours . . . suggesting inexact timekeeping."); *Xochimitl*, 2016 WL 4704917, at *21 ("Several courts in this District have noted the boilerplate nature of the papers used by Faillace's firm and have reduced or excluded fees sought for hours purportedly spent drafting, finalizing, and filing the complaint.") (collecting cases), R. & R. adopted, 2016 WL 6879258.  For example, it is unreasonable for Mr. Faillace, a partner who purportedly has at least "a decade of experience litigating employment actions in the federal courts," Pls.' Mem. at 4, to have spent 7.4 hours drafting, finalizing, and filing the complaint, plus another 1.5 hours "meeting with client, reviewed complaint" in March and April 2015.  *See* S. Clark Decl., Ex. A at 1.  In addition, Mr. Clark's and Ms. Santos' time entries are largely in whole hour increments, which suggest inexact timekeeping. *Id. See Sevilla*, 2017 WL 1185572, at *8.

*Fourth*, Plaintiffs cannot recover for time spent by attorneys completing administrative tasks. *Sevilla*, 2017 WL 1185572, at *6.  This includes time spent filing submissions on ECF, *Portillo*, 2017 WL 3995602, at *1, which occurred on at least two occasions—April 7, 2015 and January 19, 2016—in this action.  S. Clark Decl., Ex. A at 1-2.

*Finally*, the hours billed are disproportionate to the quantity and quality of the attorneys' work.  *See Sevilla*, 2017 WL 1185572, at *6; *Harris v. Fairweather*, No. 11 Civ. 2152 (PKC)

(AJP), 2012 WL 3956801, at *8 (S.D.N.Y. Sept. 10, 2012) (collecting cases), R. & R. adopted, 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012).  As noted above, despite purportedly spending dozens of hours on preparation for trial, Plaintiffs' counsel's examinations consisted entirely of rote, repetitive (and often leading) questions, and Plaintiffs themselves appeared ill-prepared to testify.  *See e.g.*, Tr. 4:18-7:22; Tr. 25:4-5; Tr. 115:7-8; Op. at 47.

As a result, the Court should apply a 40% reduction to the number of hours Plaintiffs' counsel billed.

### III.   PLAINTIFFS' FEES REQUEST SHOULD BE FURTHER REDUCED FOR LACK OF SUCCESS

After the Court determines the lodestar calculation—using the reduced hourly rates and applying a 40 percent reduction to the number of hours billed—the Court may reduce the rate further based on case-specific considerations, such as level of success. *See Arbor Hill*, 522 F.3d at 186.  In evaluating the degree of success obtained in an action, a district court is not limited to an assessment of whether the plaintiff prevailed on individual claims. *Siegel*, 2016 WL 1211849, at *8.  Instead, the "key factors" in this inquiry are the "quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint." *Id.* (quotation omitted).  Courts have reduced awards for failure to succeed where, "although Plaintiff achieved his primary aim in a formalistic sense (he received money), he did not achieve it in a substantive sense (he did not receive much)." *Hardaway*, 706 F. Supp. 2d at 442.  In this action, Plaintiffs achieved minimal success, and the Court should reduce counsel's fees accordingly.  *See Siegel*, 2016 WL 1211849, at *8 (explaining that the level of success is a critical factor in determining a reasonable fee and that attorneys' fees may be reduced across-the-board to reflect a lack of success.)

Plaintiffs succeeded in recovering a mere 5 percent of their alleged damages: $24,937.12 on claims purportedly worth $487,937.06. Op. at 2. Such an insubstantial recovery evinces a lack of success, and requires a reduction in fees by at least 50 percent. *See Ibarra v. HSCS Corp.*, No. 10 Civ. 5109 (KBF), 2012 WL 3964735, at *4 (S.D.N.Y. Sept. 10, 2012) (applying 50 percent reduction where plaintiffs recovered 4.1 percent of what they sought, noting such a percentage "can be barely called a success"); *Barfield*, 537 F.3d at 152 (affirming district court's 50 percent reduction of lodestar calculation based on "lack of success" in light of nominal damages awarded to Plaintiff).[3] Examining Plaintiffs' success on a claim-by-claim basis compels similar results, if not an even greater reduction. Plaintiffs received a significant portion of their damages as a result of Defendants' technical violations of two strict liability notice and record-keeping statutes. Plaintiffs' recovery on the remaining five claims on which they technically prevailed (*i.e.*, they recovered *something*) is so negligible relative to the damages sought that the Court would still be acting well within its discretion in reducing Plaintiffs' requested fees. *Clark v. New York City Health & Hosps. Corp.*, No. 10 Civ. 8046 (SAS), 2011 WL 10563693, at *4 (S.D.N.Y. Aug. 24, 2011) (60 percent reduction where only two of six causes of action survived). Accordingly, the Court should apply a 50 percent reduction to the lodestar calculation.

---

[3] The cases cited by Plaintiffs are not to the contrary. Pls.' Mem. at 8. *Barfield* and *Kassim* stand for the proposition that disproportion between the recovery and the requested fee is not a proper basis for reducing the fee. *Barfield*, 537 F.3d at 132; *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005). Though the $42,653.44 in fees practically doubles the $24,937.12 Plaintiffs were awarded, that is not the basis for reduction argued for here. Rather, the reduction is compelled by Plaintiffs' lack of success, represented by the recovery (not requested fees) as a percentage of damages sought. *See, e.g.*, *Ibarra*, 2012 WL 3964735, at *4.

13

## IV. PLAINTIFFS' COSTS REQUEST SHOULD BE REDUCED

Attorney fees award include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). Here, Plaintiffs chose to utilize two Spanish-language interpreters at trial. Defendants are aware of no reason that one interpreter could not have sufficed, and in the absence of any justification from Plaintiffs, Defendants should not be required to bear the cost. Therefore, Defendants request that costs be reduced by $1,500. *See* S. Clark Decl., Ex. D.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request the Court to limit any award of attorney's fees to the amount of $8,668.50 and costs to the amount of $4,165.06, for a total of $12,833.56.

Dated: New York, New York
November 8, 2017

                                               LATHAM & WATKINS LLP

                                               By /s/ Thomas J. Giblin
                                                      Richard D. Owens
                                                      Serrin A. Turner
                                                      Thomas J. Giblin
                                                      Eric L. Taffet
                                                      M. Theodore Takougang
                                                      885 Third Avenue
                                                      New York, New York 10022-4834
                                                      Telephone: (212) 906-1200
                                                      Facsimile: (212) 751-4864
                                                      Email: richard.owens@lw.com
                                                      thomas.giblin@lw.com
                                                      eric.taffet@lw.com
                                                      theodore.takougang@lw.com

*Attorneys for Defendants Koodo Sushi Corp.
and Michelle Koo*

15