

MANDATE

17-3356-cv
*Gamero. v. Koodo Sushi Corp.*

N.Y.S.D. Case #
15-cv-2697(KPF)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:    DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
            JOHN F. KEENAN,
                    *District Judge.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 08 2018
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ISRAEL GAMERO, NORBERTO MASTRANZO,
OSCAR SANCHEZ, Individually, on behalf of others
similarly situated,

                    *Plaintiffs-Appellants*,


                    v.                          17-3356-cv


KOODO SUSHI CORP., DBA Koodo Sushi,
MICHELLE KOO,

                    *Defendants-Appellees*,


RAYMOND KOO,

                    *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge John F. Keenan, of the United States District Court for the Southern
District of New York, sitting by designation.

MANDATE ISSUED ON 11/08/2018

FOR PLAINTIFFS-APPELLANTS:     SHAWN R. CLARK, Michael Faillace &
                               Associates, P.C., New York, New York.

FOR DEFENDANTS-APPELLEES:      THOMAS J. GIBLIN (Roman Martinez,
                               Richard D. Owens, Serrin A. Turner, Eric L.
                               Taffet, M. Theodore Takougang, *on the brief*),
                               Latham & Watkins LLP, New York, New York,
                               and Washington, DC.

Appeal from the United States District Court for the Southern District of
New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Israel Gamero, Norberto Mastranzo, and Oscar
Sanchez, individually and on behalf of others similarly situated ("Plaintiffs"), appeal
from a September 29, 2017, judgment against defendants-appellants Koodo Sushi Corp.,
DBA Koodo Sushi, and Michelle Koo ("Defendants") and defendant Raymond Koo for
violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law
("NYLL").  Although Plaintiffs prevailed on their claims against Defendants, they
challenge the amount of damages they were awarded by the district court.  We assume
the parties' familiarity with the underlying facts, procedural history, and issues on
appeal.

Plaintiffs were each employed in various roles at Koodo Sushi, a
Manhattan restaurant serving Chinese, Japanese, and Thai food, for different but
overlapping periods between 2009 and 2015.  In 2015, Plaintiffs brought this suit against

Defendants alleging wage-and-hour and recordkeeping violations under the FLSA and NYLL. After a three-day bench trial, the district court made detailed findings of fact and conclusions of law in a 62-page opinion, holding that Plaintiffs were at least partially entitled to relief on seven of their nine causes of action and awarding damages of $24,937.12 plus prejudgment interest. *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 488 (S.D.N.Y. 2017).

While ultimately awarding damages, the district court awarded Plaintiffs only a fraction of what they had sought, finding that Defendants largely complied with the law. *Id.* at 504 (noting that "in the main . . . Koo paid Plaintiffs wages that satisfied the FLSA and the NYLL"). Moreover, the district court noted that Koo, who ran the restaurant on a day-to-day basis, was the "most credible witness at trial" and "evinc[ed] genuine concern for her employees' well-being." *Id.* at 488. Indeed, the district court concluded that "Defendants' account of Plaintiffs' hours and wages was more credible than the accounts Plaintiffs offered." *Id.* On October 13, 2017, Plaintiffs filed a letter asking the district court to clarify its damages award and release to the parties the district court's calculations. The district court denied Plaintiffs' request. This appeal followed.

"On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. Mixed questions of law and fact are also reviewed de novo." *Roberts v. Royal Atl. Corp.*, 542

- 3 -

F.3d 363, 367 (2d Cir. 2008).  While "the applicable damages measurement" is a legal question that we review de novo, "the amount of recoverable damages is a question of fact," which we review for clear error.  *Bessemer Tr. Co. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) (internal quotation marks omitted).

Plaintiffs raise two arguments on appeal.  First, Plaintiffs contend that "[t]he district court's method of calculating damages fail[ed] to apply settled FLSA and NYLL regulations and significantly undercompensates individuals who worked overtime at regular rates higher than the minimum wage."  Appellants' Br. at 4.  Specifically, Plaintiffs argue that the district court committed legal error when it failed to calculate Plaintiff's "regular rate of pay."  *Id.* at 6.  Second, although they were awarded liquidated damages under the NYLL, Plaintiffs argue that they should have been awarded liquidated damages under the FLSA as well.[1]

As to the first argument, Plaintiffs' assertion that the district court did not calculate the "regular rate" of pay fails.  The court did, implicitly if not explicitly, find the regular rate of pay -- that is, the minimum wage.

---

[1]     Plaintiffs also contend that the district court erred by failing to account for "extra" discretionary compensation Sanchez and Mastranzo received for work outside normal hours or involving unusual tasks, such as fixing the floor.  This argument, however, has been waived, as Plaintiffs raise it for the first time on appeal.  *See Askins v. Doe No. 1*, 727 F.3d 248, 250 (2d Cir. 2013) (holding that plaintiff "waived the arguments he advances on appeal by failing to raise them in the trial court").

When calculating damages in wage-and-hours cases, the starting point is the employee's "regular rate" of pay, *see* 29 C.F.R. § 778.109, which is the hourly rate when "the employee is employed on the basis of a single hourly rate." 29 C.F.R. § 778.110(a); *see also* 12 N.Y.C.R.R. § 142-2.16 ("The term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work." (emphasis in original)). The "regular rate" is important for calculating damages, including overtime pay, which is one and a half times the "regular rate." *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2; 12 N.Y.C.R.R. § 146-1.4.

It is true that the opinion and order of the district court speaks mostly in terms of how much Plaintiffs were owed per week. *See, e.g., Gamero*, 272 F. Supp. 3d at 506 ("Sanchez was owed . . . $340.49 per week during his first month at Koodo Sushi."). In adopting Defendants' proposed findings of fact and conclusions of the law, however, the district court based its calculations on a per hour "regular rate" of pay.

For both Sanchez and Mastranzo, the district court began its calculation with the findings of facts and conclusions of law proposed by Defendants. *Id.* at 506-07. Defendants' calculations began from a regular hourly rate of the minimum wage, which was then adjusted, including for weekly overtime hours. Accordingly, the district court found that the "regular rate of pay" as to Sanchez and Mastranzo was the minimum wage.

- 5 -

The district court then calculated the average weekly pay based on the evidence presented of time worked and compared that to what Sanchez and Mastranzo were actually paid. *Id.* Except where Defendants' records established that a Plaintiff worked less than 50 hours a week, the district court credited Plaintiff with a standard 50-hour work week. *Id.* The district court explained its methodology but did not set forth its exact calculations. This sort of approximation is acceptable where there is insufficient evidence to make more specific findings. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011).

As to Gamero, the district court was explicit in its finding of a "regular rate" of pay of $5.00 an hour. *Gamero*, 272 F. Supp. 3d at 509 ("All of these Seamless delivery reports confirmed that Koo paid Gamero $5.00 per hour . . . ."); *see id.* at 495 (noting that the $5.00 rate was "the minimum wage minus tip and meal credits, plus a 'cushion'"). The district court found that Gamero was paid $65 a week on average. *Id.* at 509.[2] Using this weekly average, the district court aggregated what Gamero was paid throughout his employment and calculated the difference between that figure and what the NYLL required Gamero to be paid from late November 2012 through the end of April 2015, less one year of damages because Gamero did not work at Koodo Sushi for a whole year. *Id.*

---

[2]    Gamero was a delivery person who worked part time. *Gamero*, 272 F. Supp. 3d at 495. Accordingly, he received damages for improper tip and meal credit deductions, but not for any overtime pay. *Id.* at 509.

Alternatively, Plaintiffs contend that even if the district court did calculate the "regular rate," it erred by calculating Sanchez's "regular rate" using the minimum wage despite the district court's finding that Sanchez received periodic raises, topping out at $9.00 an hour. Where a plaintiff alleges minimum wage and overtime pay violations, and the employer does not have complete records, as was the case here, the plaintiff bears the burden of proving that he performed work for which he was insufficiently compensated, and of producing sufficient, credible evidence showing the amount and extent of the uncompensated work as a matter of just and reasonable inference. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). When an employee has offered evidence to permit an inference of improper compensation and the employer cannot come forward with evidence of the precise amount of work performed, the court may award damages, even if they are approximate. *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997).

Here the district court found that Plaintiffs made a minimally sufficient showing of violations, but that their testimony regarding their wages was inconsistent and not credible. The district court did find that Sanchez received periodic raises, which at some point rose to $9.00 an hour, but Plaintiffs failed to introduce sufficient evidence of when or for how long Sanchez was paid more than the minimum wage. Plaintiffs failed to prove that Sanchez's raises did not simply approximate New York's minimum wage, which was raised from $7.25 to $8.00 an hour in December 2013 and

- 7 -

raised again to $8.75 an hour in December 2014.  NYLL § 652.  Given the lack of records

demarcating when Sanchez received raises, and that it was Plaintiffs' burden to produce

sufficient evidence, the district court's approximation of Sanchez's regular rate of pay as

the minimum wage was not error.  *See Anderson,* 328 U.S. at 687; *Kuebel,* 643 F.3d at 362.

Second, Plaintiffs argue that the district court erred in declining to award

liquidated damages under both the FLSA and NYLL.  Recent decisions of this Court,

issued after Plaintiffs had filed their brief in this appeal, foreclose this argument.  *See*

*Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the

NYLL and FLSA as not allowing duplicative liquidated damages for the same course of

conduct.").  *Rana* adopted the conclusion of an earlier summary order discussed by

Plaintiffs.  *See* Appellants' Br. At 11 (citing *Chowdhury v. Hamza Express Food Corp.*, 666 F.

App'x 59, 61 (2d Cir. 2016) (summary order)); *Catzin v. Thank You & Good Luck Corp.*, 899

F.3d 77, 83 (2d Cir. 2018) (noting that the conclusion presented by *Chowdhury* "was later

adopted as the law of the Circuit in an opinion").

We have considered all of Plaintiffs' remaining arguments and find them

to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 8 -